Kerry McInerney Freeman (SBN 184764)
kmf@millerlawgroup.com
Claudia J. Castillo (SBN 215603)
cjc@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Plaintiff
REEVES & ASSOCIATES, PLC

FILED
2011 SE. 23 P 3: 55
RICHARD W. WIEKING
CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEALED BY COURT ORDER

WHA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REEVES & ASSOCIATES, PLC,

    Plaintiff(s),

v.

MATTHEW D. MULLER, AND DOES 1-25, INCLUSIVE,

    Defendant(s).

Case No.: CV 11 4762

**TO BE FILED UNDER SEAL WITHOUT AN ENTRY IN THE COURT'S ELECTRONIC FILING SYSTEM**

**DECLARATION OF KERRY McINERNEY FREEMAN IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN DOCUMENTS PURSUANT TO LOCAL RULES 7-10, 7-11 AND 79.5**

I, Kerry McInerney Freeman, declare:

1. I am an attorney licensed to practice before the Courts of the State of California and before this Court. I am a shareholder in the law firm of Miller Law Group, Professional Corporation, and am one of the attorneys for Plaintiff REEVES & ASSOCIATES, PLC ("R&A") in the above-captioned matter.

2. I have personal knowledge of the matters set forth herein. If called as a witness I could competently testify thereto.

3. I have reviewed the Declarations of Shadouh Lopez, Nancy E. Miller and Robert L. Reeves in Support of Plaintiff's *Ex Parte* Motion for Temporary Restraining Order (collectively, "Declarations"), specifically as they concern the unauthorized access and copying of R&A property stored on R&A's computer network, as well as the installation and use of a data deletion program known as "Eraser" by Defendant Matthew Muller ("Defendant"), a former R&A employee.

4. The Declaration of Ms. Lopez states that prior to his resignation from R&A, Defendant sent emails to his contacts stating that he was working at R&A only to "learn the business model management well enough to launch my own firm" or that he "might co-opt this [Firm], haven't decided."

5. The Declarations state that during his short (under five months) employment with R&A, Defendant insisted on using his personal laptop to access R&A files, performed most of his work on his personal laptop and refused to save his work on R&A's computer network. The Declarations further state that just prior to his departure from R&A, Defendant accessed and copied thousands of files containing trade secret, confidential and proprietary information belonging to R&A. Defendant did this despite the fact that he assured R&A on April 25, 2011 that although he planned to use his personal laptop to perform his work, he unequivocally understood that any R&A property stored on his personal laptop belonged to R&A. Specifically, the declaration of Ms. Lopez states that on April 25, 2011, Defendant sent her an email stating the following:

> *Also, the computer will be mine but I understand that the data belongs to the PLC. I can sign anything necessary to formalize that if you like. If absolutely necessary I can sign over the actual hard drive to the PLC, but I would prefer something stating that should I ever leave (not planning on it), I am required to submit the laptop to the IT department for archiving and wiping of the hard drive, and*

2

DECLARATION OF KERRY McINERNEY FREEMAN IN SUPPORT OF PLAINTIFF'S *EX PARTE* ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN EXHIBITS - Case No.:

*that I will receive all hardware back once the relevant firm property (data on the hard drive) has been retrieved.*

6. The Declarations further state that, after Defendant finished accessing and copying R&A data on the day he resigned, he installed and ran "Eraser" on the computer issued to him as an R&A employee, that this program deleted and obscured Defendant's computer activity and that R&A confidential files were copied onto an external device. The Declaration of Nancy E. Miller also states that despite R&A's requests to Defendant that he return the R&A information that he copied, Defendant has not done so.

7. Based on the facts described in the declarations filed in support of the TRO, Plaintiff has a reasonable apprehension that if Defendant is notified of this lawsuit in advance of a court order restraining him from any destruction of evidence or dissemination of the information he copied from R&A's network computers and requiring imaging of their electronic media, that Defendant could and would destroy evidence highly relevant to the lawsuit or disseminate highly confidential information that belongs to Plaintiff. Plaintiff has not provided notice of this action to Defendant.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on this 23rd day of September 2011 in San Francisco, California.

Kerry McInerney Freeman

4827-7827-7898, v. 1

DECLARATION OF KERRY McINERNEY FREEMAN IN SUPPORT OF PLAINTIFF'S *EX PARTE* ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN EXHIBITS - Case No.: