Kerry McInerney Freeman (SBN 184764)
  kmf@millerlawgroup.com
Claudia J. Castillo (SBN 215603)
  cjc@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Plaintiff
REEVES & ASSOCIATES, PLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REEVES & ASSOCIATES, PLC,<br><br>               Plaintiff(s),<br><br>v.<br><br>MATTHEW D. MULLER, AND DOES 1-25, INCLUSIVE,<br><br>               Defendant(s). | Case No.: CV 11-4762 WHA<br><br>**DECLARATION OF KERRY MCINERNEY FREEMAN SETTING FORTH FACTS CONSTITUTING CONTEMPT OF THE COURT'S OCTOBER 14, 2011 STIPULATED ORDER GRANTING INJUNCTIVE RELIEF AND PROTECTIVE ORDER IN SUPPORT OF PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE CONTEMPT**<br><br>Complaint filed:  September 23, 2011 |

I, Kerry McInerney Freeman, declare:

1.     I am an attorney licensed to practice before the Courts of the State of California and before this Court. I am a shareholder in the law firm of Miller Law Group, Professional Corporation, and am one of the attorneys for Plaintiff REEVES & ASSOCIATES, PLC ("R&A" or "Plaintiff") in the above-captioned matter.

2.     On September 23, 2011, Plaintiff filed various pleadings related to confidential and proprietary R&A data that Defendant was alleged to have taken from R&A in the final days of Plaintiff's employment with R&A. After meeting and conferring regarding the allegations in the September 23 pleadings, the parties came to an agreement reflected in a "Stipulated Order Granting Injunctive Relief and Protective Order" (the "Order"). A true and correct copy of the Order is attached hereto as Exhibit A.

3.     The Order was drafted, stipulated and executed jointly by Plaintiff and Defendant. Because Defendant now refuses to comply with Paragraph 3 of the Order, Plaintiff seeks to enforce the Order. The parties stipulated that Defendant would "deliver the drives identified in Paragraph 1 to Dataway, a firm specializing in computer security and forensics (or, if Dataway is unable, another mutually agreed upon firm specializing in computer security and forensics) ("Computer Security Firm"), which firm will image, preserve, or delete the data in a manner consistent with the Protective Order . . ."[1]

4.     Paragraph 3 of the Order explicitly requires that:

If the parties request to have a copy of their respective [computer] files after the drives are imaged and before they are wiped clean, the sorting and copying of files will be limited to the file types identified in Paragraph 4 below, the Copy File Types. Computer Security Firm will perform the separation and copying of files, in the manner it determines to be most efficient, within these general guidelines:

    a.   Computer Security Firm will print out a "map" of the drive contents, listing all of the filenames (with extensions), reflecting the folders within which the files reside, and provide a copy of that map/list to both parties.
    b.   R&A's IT Specialist Shadouh Lopez will review the list for the Firm and identify for Computer Security Firm what she believes are Firm files.
    c.   Defendant will review the list and identify for Computer Security Firm what he believes are his files.

_____

[1] The drives in Paragraph 1 of the Order consist "of any computer hard drives, both internal and external, or any other devices or media in [Defendant's] possession, custody or control that contain any "R&A data or files" of any sort, including but not limited to Defendant's (a) 2 terabyte Western Digital "My Book Essential" USB external magnetic hard drive; (2) 16 gigabyte Data Traveler encrypted USB solid state drive; and (3) 160 gigabyte Intel internal solid state drive.

d. For files claimed by both parties (if any), Computer Security Firm will review them and determine who the files belong to after conferring with the parties.

e. Each party's files will be copied onto a separate drive provided by that party, with Defendant's files going to Defendant, and the Firm's files going to the Firm, with neither party able to view the other's drives/files without a Court Order/agreement of the parties.

f. Those files for which Computer Security Firm is unable to determine the source party will not be provided to either party; instead, they will be copied onto a drive and maintained separately by Computer Security Firm.

g. Each party who asks the Computer Security Firm to provide a copy of that party's files from Defendant's drives will bear the costs associated with obtaining a copy of that party's files from Defendant's drives.

5. On September 18, 2012, I emailed Defendant to inform him that R&A wished to have the "mapping" described in paragraph 3 of the Order performed. I also informed Defendant that Dataway had informed R&A that, after speaking with Defendant, it no longer wished to perform the mapping, and per the Order, R&A was requesting Defendant's cooperation in selecting a new Computer Security Firm to perform the mapping. With my correspondence, I included the website address for Precision Discovery, a highly recommended Computer Security Firm that is willing to perform the mapping pursuant to the Order, along with a proposal prepared by Precision Discovery for performing the mapping. A true and correct copy of the email string between Defendant and me is attached hereto as Exhibit B.

6. On September 18, 2012, Defendant responded to my email. While Defendant agreed to "fully cooperate and [to keep his] commitment to bear half of the necessary cost," he expressed concern over the cost of Precision Discovery's proposal. On October 2, 2012, in response to Defendant's concerns, I proposed leaving a portion of the mapping out of the proposal, thus lowering the total cost. *Id.*

7. On October 17, 2012, I emailed Defendant to follow up on my October 2, 2012, email and once again asked for Defendant's assistance in carrying out the terms of

DECLARATION OF KERRY MCINERNEY FREEMAN IN SUPPORT OF PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE CONTEMPT - Case No.: CV 11-4762 WHA

paragraph 3.a. of the Order. I once again requested Defendant's agreement to use Precision Discovery to perform the services required by the Order. *Id.*

8. On November 1, 2012, I participated in a telephone conference with Defendant in which Defendant informed me that he would not comply with R&A's request to carry out the mapping pursuant to paragraph 3 of the Order. In that call, Defendant opined that having a different firm perform the data mapping and other services contemplated in the Court's Order constituted action that was beyond the scope of the parties' agreement and the Court's Order. I reminded Defendant that the court's Order expressly contemplated that another agreed-upon vendor could perform the services: indeed, the Order specified that the services were to be performed by "Dataway, a firm specializing in computer security and forensics (or, if Dataway is unable, another mutually agreed upon firm specializing in computer security and forensics) ("Computer Security Firm")." *See* Exhibit A at ¶ 2. I explained that, in light of this clause, I did not agree that our request regarded action beyond the scope of the parties' agreement or the Court's Order. Nonetheless, later that day Defendant sent me an email reiterating his position, stating that "R&A is requesting that [he] agree to action beyond the scope of an order that the Court arguably lacks jurisdiction to modify or even to enforce in the wake of a with-prejudice dismissal." Exhibit B.

9. Claudia Castillo is a Miller Law Group associate with over 11 years of experience, primarily in the area of employment law and litigation. She graduated from University of California, Los Angeles, law school in 2001. She was admitted to the California Bar in December 2001. She practiced law at Adams, Nye, Sinunu, Walker LLP Leland and at Parachini, Steinberg, Matzger & Melnick LLP until joining Miller Law Group in July 2008. Her current hourly billing rate is $325.

10. I have reviewed the billing entries for this case and identified entries related to this Application for Order to Show Cause. Claudia Castillo spent approximately 3

hours preparing the Application for an Order to Show Cause. At her regular billing rate, this amounts to $975.00.

11. Given the foregoing, Plaintiff R&A requests that this Court find Defendant in civil contempt pursuant to 18 U.S.C. §401 for failure to follow a lawful order of this Court, and (if no legitimate cause is presented) order Plaintiff to cooperate in allowing Precision Discovery perform the services that were to be performed by Dataway or "another mutually agreed upon firm." Plaintiff further requests that this Court grant Plaintiff's attorneys fees in the amount of $975.00, assuming no hearing is necessary.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on this 19th day of November 2012 in San Francisco, California.

_____/s/_____
Kerry McInerney Freeman

4815-2515-6625, v. 1

EXHIBIT A

1  Kerry McInerney Freeman (SBN 184764)
    kmf@millerlawgroup.com
2  Claudia J. Castillo (SBN 215603)
    cjc@millerlawgroup.com
3  MILLER LAW GROUP
    A Professional Corporation
4  111 Sutter Street, Suite 700
    San Francisco, CA 94104
5  Tel. (415) 464-4300
    Fax (415) 464-4336
6
   Attorneys for Plaintiff
7  REEVES & ASSOCIATES, PLC
8
   Matthew D. Muller (SBN 275832)
9  543 Everett Court #2
   Palo Alto, CA 94301
10  matthewdmuller@gmail.com
    Defendant, *Pro Se*
11

FILED

OCT 1 4 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED

2011 OCT 12 P 3: 44

W. WIEKING
DISTRICT COURT
CALIFORNIA

SEALED
BY COURT ORDER

12

13                 UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15  REEVES & ASSOCIATES, PLC,          Case No.: C 11-04762 WHA

16           Plaintiff(s),             ~~[PROPOSED]~~  STIPULATED  ORDER
                                       GRANTING  INJUNCTIVE  RELIEF  AND
17  v.                                 PROTECTIVE ORDER

18

19  MATTHEW D. MULLER, AND DOES 1-25,
    INCLUSIVE,

20

21           Defendant(s).

22

23        Plaintiff Reeves & Associates, PLC's ("R&A's") Motion for Temporary

24  Restraining Order came before the Court on September 28, 2011, in Courtroom 8, the

25  Honorable William H. Alsup presiding.  Kerry McInerney Freeman and Claudia J. Castillo of

26  Miller Law Group, Professional Corporation, appeared on behalf of Plaintiff Reeves &

27  Associates, PLC.  Defendant Matthew D. Muller ("Defendant") appeared *pro se*.

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

After full consideration of all pleadings and evidence filed by Plaintiff (with Defendant not having filed any pleadings or evidence opposing Plaintiff's Request for Temporary Restraining Order at or before the September 28, 2011 hearing), the arguments of Defendant opposing Plaintiff's Request for Temporary Restraining Order and the arguments of counsel for Plaintiff, and all other matters presented to this Court, and good cause appearing therefore, and satisfactory proof having been made, the Court issued a verbal Temporary Restraining Order to remain in effect until the October 27, 2011 hearing regarding Plaintiff's motion for continued injunctive relief, which Order was subsequently memorialized in a written Temporary Restraining Order issued by the court on October 7, 2011.

Following the September 28, 2011 hearing, the parties reached the following agreement regarding injunctive relief and a protective order, which agreement obviates the need for (1) the Court to rule on Plaintiff's pending motion, (2) the October 27, 2011 hearing to occur, and (3) the parties to file their opposition and reply pleadings and evidence regarding Plaintiff's pending motion.

## STIPULATED INJUNCTIVE RELIEF

1.    Defendant (which, for purposes of this Stipulated Order, includes Matthew Muller and anyone acting on his behalf or pursuant to his instructions) must not do anything to destroy or otherwise harm the integrity of any computer hard drives, both internal and external, or any other devices or media in his possession, custody or control that contain any "R&A data or files" of any sort, including but not limited to Defendant's (a) 2 terabyte Western Digital "My Book Essential" USB external magnetic hard drive; (2) 16 gigabyte Data Traveler encrypted USB solid state drive; and (3) 160 gigabyte Intel internal solid state drive. Further, Defendant will not destroy, delete, remove, alter, modify, write over, conceal, or dispose of any of the data contained on those drives, devices, or media. For the purposes of

[PROPOSED] STIPULATED ORDER GRANTING INJUNCTIVE RELIEF AND PROTECTIVE ORDER
Case No.: CV 11 4762 WHA

this Stipulated Order, "R&A Data or files" includes data or files that Defendant accessed, acquired, modified, copied or transferred from R&A's network or R&A's computers (including from the local drive on desktop computers provided by R&A to Defendant and other R&A employees).

2.    By 1:00 p.m. on October 14, 2011, Defendant will deliver the drives identified in Paragraph 1 to Dataway (or, if Dataway is unable, another mutually agreed upon firm specializing in computer security and forensics) ("Computer Security Firm"), which firm will image, preserve, or delete the data in a manner consistent with the Protective Order detailed below.  If Computer Security Firm is not able to take custody of the drives by the aforementioned date, Defendant will deliver the drives as soon thereafter as Computer Security Firm is able to take custody.

3.    Defendant will not use any R&A data or files he accessed, acquired, modified, copied, transferred or took from R&A for any reason whatsoever, including for starting his own law practice, soliciting or representing clients, or for bringing a lawsuit against R&A, unless expressly permitted to do so by a written Order of the Court.

4.    Defendant has identified several other drives (i.e., other than those drives identified in Paragraph 1) that contain R&A data or files but that are not presently in his possession ("Other Drives").  With regard to those Other Drives, Defendant not only agrees not to use any R&A data or files on those drives for any reason whatsoever, but also agrees not to attempt to recover data from those drives.

5.    Nothing in this Stipulated Order prevents Defendant from continuing his pro-bono representation of prior R&A client Girlie Galang.  Moreover, nothing in this Stipulated Order precludes Defendant from representing clients who were at one time represented by R&A provided that (a) Defendant does not use R&A data or files to solicit

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA



those clients, and (b) Defendant does not use R&A Data or files (except for the client files, which will be transferred to Defendant if such transfer is requested in writing by the client) to represent those clients.

## STIPULATED PROTECTIVE ORDER

Upon Defendant's delivery of the aforementioned computer drives containing R&A data to Computer Security Firm, Computer Security Firm is instructed to do the following:

1.　　Maintain the integrity of each drive delivered by Defendant, including by not destroying, deleting, removing, altering, modifying, writing over, concealing, or disposing of any of the data or files contained on those drives.

2.　　Make an image of each such drive so that a copy of each is preserved reflecting the state each drive was in when it was received by Computer Security Firm.

3.　　If the parties request to have a copy of their respective files after the drives are imaged and before they are wiped clean, the sorting and copying of files will be limited to the file types identified in Paragraph 4 below, the Copy File Types. Computer Security Firm will perform the separation and copying of files, in the manner it determines to be most efficient, within these general guidelines:

a.　　Computer Security Firm will print out a "map" of the drive contents, listing all of the filenames (with extensions), reflecting the folders within which the files reside, and provide a copy of that map/list to both parties.

b.　　R&A's IT Specialist Shadouh Lopez will review the list for the Firm and identify for Computer Security Firm what she believes are Firm files.

c.　　Defendant will review the list and identify for Computer Security Firm what he believes are his files.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA



d.      For files claimed by both parties (if any), Computer Security Firm will review them and determine who the files belong to after conferring with the parties.

e.      Each party's files will be copied onto a separate drive provided by that party, with Defendant's files going to Defendant, and the Firm's files going to the Firm, with neither party able to view the other's drives/files without a Court Order/agreement of the parties.

f.      Those files for which Computer Security Firm is unable to determine the source party will not be provided to either party; instead, they will be copied onto a drive and maintained separately by Computer Security Firm.

g.      Each party who asks the Computer Security Firm to provide a copy of that party's files from Defendant's drives will bear the costs associated with obtaining a copy of that party's files from Defendant's drives.

4.      If the parties request to have a copy of their respective files as set forth in Paragraph 3 above either (a) after the drives are imaged and before they are wiped clean or (b) after the drives are imaged and from the images maintained by Computer Security Firm, the parties agree that the sorting and copying process will be limited to the below file types ("Copy File Types"):

- • .doc (Word document)
- • .wpd (Word Perfect document)
- • .rtf (rich text format document)
- • .xml (extensible markup language document)
- • .xls (Excel document)
- • .ppt (PowerPoint document)
- • .jpg (image)
- • .jpeg (image)
- • .gif (image)

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

[PROPOSED] STIPULATED ORDER GRANTING INJUNCTIVE RELIEF AND PROTECTIVE ORDER
Case No.: CV 11 4762 WHA

- .giff (image)
- .raw (image)
- .tiff (image)
- .png (image)
- .psd (Photoshop document)
- .mp3 (audio)
- .mp4 (audio/video)
- .mpg (audio/video)
- .mpeg (audio/video)
- .avi (audio/video)
- .mov (audio/video)
- .ost (Outlook document)
- .pst (Outlook document)
- .pdf (portable document format, e.g. Acrobat document)
- .mdb (microsoft access database)
- .exe (executable file)
- .txt (notepad)

The parties further agree that after the Copy File Types are sorted and copied from the drive(s) by their respective owners, and if the sorting and copying takes place prior to wiping the drives clean, all remaining files will be wiped from the drive(s) (but will still exist in the imaged copies maintained by the Computer Security Firm).

5. Fully delete all of the data on Defendant's drives and return the drives to Defendant.

6. Not allow Defendant or R&A to access or obtain any data or files contained by or derived from the image it has created of each drive, except by written

6

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

agreement of the parties or by written Court Order allowing either or both parties to access such data.

7.  Store and maintain the drive images (as well as those files for which Computer Security Firm was unable to determine the source party) for five years from the date of this Order. Upon expiration of this period, Computer Security Firm shall fully delete the drive images and any data derived from those images.

8.  Aside from the costs for copying files as referenced in Paragraph 3(g), the parties will equally share the cost of the other services provided by Computer Security Firm (e.g., the costs of imaging Defendant's drives, maintaining those images, and eventually deleting those images).

**IT IS SO STIPULATED.**

Dated:  October 12, 2011

MILLER LAW GROUP
A Professional Corporation

By: _Claudia J. Castillo_
Kerry McInerney Freeman
Claudia J. Castillo
Attorneys for Plaintiff
REEVES & ASSOCIATES, PLC

Dated:  October 12, 2011

By: _____
Matthew D. Muller
Defendant, *Pro Se*

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

agreement of the parties or by written Court Order allowing either or both parties to access such data.

7.     Store and maintain the drive images (as well as those files for which Computer Security Firm was unable to determine the source party) for five years from the date of this Order.  Upon expiration of this period, Computer Security Firm shall fully delete the drive images and any data derived from those images.

8.     Aside from the costs for copying files as referenced in Paragraph 3(g), the parties will equally share the cost of the other services provided by Computer Security Firm (e.g., the costs of imaging Defendant's drives, maintaining those images, and eventually deleting those images).

**IT IS SO STIPULATED.**

Dated:  October 12, 2011

MILLER LAW GROUP
A Professional Corporation

By: _____
     Kerry McInerney Freeman
     Claudia J. Castillo
     Attorneys for Plaintiff
     REEVES & ASSOCIATES, PLC

Dated:  October 12, 2011

By: _____
     Matthew D. Muller
     Defendant, *Pro Se*

## ORDER

Having reviewed the Stipulated Injunctive Relief and Protective Order executed by Plaintiff REEVES & ASSOCIATES, PLC and Defendant MATTHEW D. MULLER, and good cause appearing, the Court hereby orders that the terms of the Stipulated Injunctive Relief and Protective Order shall become the Order of this Court.

**IT IS SO ORDERED.**

Dated: October 14 , 2011

_____
Honorable William H. Alsup
United States District Judge

4814-6560-0524

## CERTIFICATE OF SERVICE

I, Natalie Young, declare that I am employed at Miller Law Group, A Professional Corporation, whose address is 111 Sutter Street, Suite 700, San Francisco, CA 94104; I am over the age of eighteen (18) years and am not a party to this action. On the below date, by the method noted below, I served the following document(s):

### [PROPOSED] STIPULATED ORDER GRANTING INJUNCTIVE RELIEF AND PROTECTIVE ORDER

on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

Matthew D. Muller                    Attorney for Defendant: *Pro Se*
543 Everett Court #2
Palo Alto, CA 94301

☒ **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the ordinary course of business for collection and mailing on this date at Miller Law Group, 111 Sutter Street, San Francisco, California. I declare that I am readily familiar with the business practice of Miller Law Group for collection and processing of correspondence for mailing with the United States Postal Service and that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☒ **BY ELECTRONIC MAIL:** By sending a portable document format (pdf) copy of the documents to email address: matthewdmuller@gmail.com

☒ [Federal] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 12, 2011 at San Francisco, California.

*Natalie Young*
Natalie Young

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

REEVES & ASSOCIATES, PLC,

       Plaintiff,

v.

MATTHEW D. MULLER, and DOES 1-25,
INCLUSIVE

       Defendant.

_____/

Case Number: CV11-04762 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.

That on October 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said
copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
receptacle located in the Clerk's office.

*#24 - STIPULATION AND ORDER GRANTING INJUNCTIVE RELIEF AND PROTECTIVE
ORDER*

Kerry McInerney Freeman
Miller Law Group
111 Sutter Street, Suite 700
San Francisco, CA 94104

Claudia J. Castillo
Miller Law Group
111 Sutter Street, Suite 700
San Francisco, CA 94104

Matthew D. Muller
543 Everett Ct., Apt. 2
Palo Alto, CA 94301

Dated: October 14, 2011

       Richard W. Wieking, Clerk

       By: William Noble, Deputy Clerk

EXHIBIT B

| | |
|---|---|
| **From:** | Kerry Freeman |
| **Sent:** | Friday, November 02, 2012 10:19 AM |
| **To:** | Claudia Castillo |
| **Subject:** | Fwd: Reeves/Muller: File mapping |

Kerry McInerney Freeman
Miller Law Group
Privileged & Confidential

Sent from my iPad

Begin forwarded message:

> **From:** Matthew Muller <matthewdmuller@gmail.com>
> **Date:** November 1, 2012 2:34:18 PM PDT
> **To:** Kerry Freeman <kmf@millerlawgroup.com>
> **Subject: Re: FW: FW: Reeves/Muller: File mapping**
>
> Ms. Freeman,
>
> Thank you for taking the time to speak with me today. As we discussed, R&A is requesting that I agree to action beyond the scope of an order that the Court arguably lacks jurisdiction to modify or even to enforce in the wake of a with-prejudice dismissal.
>
> The order R&A wishes to modify was reached pursuant to an agreement premised on the parties going their separate ways (as you wrote "put their pending and threatened claims to rest, and go their separate ways"). After that agreement was concluded, your client filed a complaint against me with the state bar. That was certainly a violation of the spirit of the agreement if not its letter.
>
> Some time after the complaint dismissal, I was contacted by Dataway and told that R&A wished to proceed with processing the hard drives I had submitted. Contrary to what you suggested today, I cooperated fully. This is readily apparent from my e-mail replies to Dataway. I even advised Nancy Miller that I was willing to allow Dataway to use recovery and analysis procedures that are destructive to the underlying media "[i]f it facilitates the process and/or reduces expense to either or both parties." (As I understand it nondestructive forensic processes can be more difficult and/or more expensive.)
>
> Within the order's scope I have been 100% cooperative and willing to proceed. I understand R&A is not pleased with Dataway's refusal to process the hard drives and suspects I sought somehow to bring this about. That is simply not the case.
>
> I repeated to you today that as a matter of good faith I will agree to action outside the scope of the order, provided I receive appropriate assurances that the purpose of such an expansion has nothing to do with R&A continuing to seek some sanction or action

1

adverse to me. In other words, I will assist R&A if its purposes are consistent with what it and you represented as the spirit of our agreement last year.

So far, you have refused to disclose why R&A now wants to move forward with a process it elected for nearly a year not to pursue. I had assumed R&A learned whatever it wanted to know by study of its monitoring software records. You advised there are some special forensic techniques not available with the monitoring software. This justification still makes no sense to me since any file would have had to come from the monitored network. Yes, forensics can find traces of overwritten or damaged files. But the files still must have originated on the monitored network, which I could only access remotely (i.e. I could not physically go to the servers and copy drives).

So I am at a loss as to the purpose of R&A's apparent fishing expedition and will not take part in it beyond what is required of me in the order. If I am advised of a legitimate purpose and there is an agreement that this will be the only purpose, then I will assist R&A. If there is some extremely sensitive or personal file that was inadvertently left public that someone at R&A believes I copied and still have--and that person will not be at peace until she or he knows no copy exists--then we can explore some sort of assurance. It is hard to prove a negative, but I would consider something like a polygraph verifying that I did not retain copies of any files. This would be an extraordinary step on my part, and I would expect very strong assurances in return backed by liquidated damages that this would truly be the end of the matter.

I understand that R&A feels wronged. Last year's turn of events was unfortunate. I certainly wish I had handled things more constructively despite my health. I hold no ill will for anybody at the firm and have shown forbearance despite being attacked again following the agreement you and R&A represented would end matters. It has not been because I am unable to respond. And if you continue down the course you threatened today then I am left cornered into doing so.

Regards,

Matthew Muller
650-630-9326

On Tue, Oct 30, 2012 at 5:03 PM, Kerry Freeman <kmf@millerlawgroup.com> wrote:

Very well – let's plan to speak on Thursday at 11a. I will await your call at 415.464.4300.


Regards,

Kerry


Kerry McInerney Freeman
Attorney at Law
MILLER LAW GROUP
111 Sutter Street, Seventh Floor

San Francisco, CA 94104

Telephone: (415) 464-4300
Facsimile: (415) 464-4336
www.millerlawgroup.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the addressee(s) named herein and may contain confidential information, legally privileged information and attorney-client work product. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any of any email and printout thereof.

IRS CIRCULAR 230 NOTICE: Any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for (a) the purpose of avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**From:** Matthew Muller [mailto:matthewdmuller@gmail.com]
**Sent:** Tuesday, October 30, 2012 5:00 PM
**To:** Kerry Freeman
**Subject:** Re: FW: FW: Reeves/Muller: File mapping

Kerry,

Thank you for the reply. I have a meeting in 5 minutes but can make Thursday at 11am. Please also feel free to check in if an earlier time becomes available for you and you would like to fit it in sooner. Unless I hear from you before, I will plan on speaking Thursday at 11am. I will call you at the number in your signature block. You can also reach me at 650-630-9326.

Best,

Matt Muller

On Tue, Oct 30, 2012 at 4:02 PM, Kerry Freeman <kmf@millerlawgroup.com> wrote:

Matt:

Although I am not sure what details need to be worked out as all the necessary terms are spelled out in the Court, I am willing to discuss this with you by phone if we can have that call in short order. Are you available to talk this afternoon at 5p? Or Thursday at 11a?

3

Regards,

Kerry


Kerry McInerney Freeman
Attorney at Law
MILLER LAW GROUP
111 Sutter Street, Seventh Floor

San Francisco, CA 94104

Telephone: (415) 464-4300
Facsimile: (415) 464-4336
www.millerlawgroup.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the addressee(s) named herein and may contain confidential information, legally privileged information and attorney-client work product. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any of any email and printout thereof.

IRS CIRCULAR 230 NOTICE: Any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for (a) the purpose of avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**From:** Matthew Muller [mailto:matthewdmuller@gmail.com]
**Sent:** Monday, October 29, 2012 5:03 PM
**To:** Kerry Freeman
**Subject:** Re: FW: FW: Reeves/Muller: File mapping


Dear Kerry,


Thank you and apologies for the delay. Would it be possible for me to come by your office for a brief meeting to discuss details of this and reach a solution? Thank for considering it.


Best,


Matt Muller

650-630-9326

On Mon, Oct 29, 2012 at 4:26 PM, Kerry Freeman <kmf@millerlawgroup.com> wrote:

Hello again, Matt:

We were expecting a response by last Wednesday, October 24. Before contacting the Court, I wanted to check back in with you one more time to see if we can agree on using Precision Discovery. Please advise as soon as possible. Unfortunately, if we do not hear back by the close of business on **Wednesday, October 31,** we will need to contact the Court. Of course, I would rather avoid going that route.

Regards,

Kerry

Kerry McInerney Freeman
Attorney at Law
MILLER LAW GROUP
111 Sutter Street, Seventh Floor

San Francisco, CA 94104

Telephone: (415) 464-4300
Facsimile:  (415) 464-4336
www.millerlawgroup.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the addressee(s) named herein and may contain confidential information, legally privileged information and attorney-client work product. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any of any email and printout thereof.

IRS CIRCULAR 230 NOTICE: Any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for (a) the purpose of avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**From:** Kerry Freeman
**Sent:** Wednesday, October 17, 2012 12:44 PM
**To:** Matthew Muller
**Subject:** RE: FW: FW: Reeves/Muller: File mapping

Thank you for your response, Matt – I will look forward to hearing your further response soon.

Regards,

Kerry McInerney Freeman
Attorney at Law
MILLER LAW GROUP
111 Sutter Street, Seventh Floor

San Francisco, CA 94104

Telephone: (415) 464-4300
Facsimile:  (415) 464-4336
www.millerlawgroup.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the addressee(s) named herein and may contain confidential information, legally privileged information and attorney-client work product. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any of any email and printout thereof.

IRS CIRCULAR 230 NOTICE: Any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for (a) the purpose of avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**From:** Matthew Muller [mailto:matthewdmuller@gmail.com]
**Sent:** Wednesday, October 17, 2012 12:09 PM
**To:** Kerry Freeman
**Subject:** Re: FW: FW: Reeves/Muller: File mapping

Dear Kerry,

Thank you for your message.  I appreciate R&A's offer and apologize for the delay.  I want to look further into this but have been completing a divorce and was occupied with that matter.  I will review everything and respond within the time frame you have provided.

Thank you for your understanding.

Regards,

Matt Muller


On Wed, Oct 17, 2012 at 10:34 AM, Kerry Freeman <kmf@millerlawgroup.com> wrote:

Matt:


I am writing to seek a response to my October 2 e-mail, to which I have still not received a response. Please note the following:


1.    Reeves & Associates has authorized me to offer that, *if* we promptly (i.e., within one week from today) receive your approval to use Precision Discovery, Reeves & Associates will initially cover the cost of the mapping, provided that you agree to pay your half share of the fees by paying monthly installments over 6 months ($730 by the last day of each month).


2.    If, however, you do not notify us by one week from today that you agree to use Precision Discovery, then the firm will not agree to temporarily front the cost of that service, and we will file a request with the Court to revise the Order to have the services performed by Precision Discovery, and seek attorney's fees for efforts required to seek a Court order. Once again, we would prefer to avoid having to make such a request, and are hoping the parties can resolve this issue without Court intervention.


I look forward to your prompt response.


Regards,

Kerry



Kerry McInerney Freeman
Attorney at Law
MILLER LAW GROUP
111 Sutter Street, Seventh Floor

San Francisco, CA 94104

Telephone:  (415) 464-4300
Facsimile:   (415) 464-4336
www.millerlawgroup.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the addressee(s) named herein and may contain confidential information, legally privileged information and attorney-client work product. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any of any email and printout thereof.

IRS CIRCULAR 230 NOTICE: Any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for (a) the purpose of avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**From:** Kerry Freeman
**Sent:** Tuesday, October 02, 2012 4:35 PM
**To:** 'Matthew Muller'
**Subject:** RE: FW: Reeves/Muller: File mapping

Hello again, Matt:

Based on the concerns you raised regarding expense, we revisited the quote with Precision Discovery to see if there were some things we felt comfortable eliminating from the action items. Unfortunately, due to factors beyond our control (such as the size of the drives onto which you were transferring data), the process is still costly. We did, however, have the storage component backed out of the estimate, which lowers the cost by $2,100 if we decide to forego that option. (See the revised estimates with the storage expenses backed into a separate quote.)

As for the reason for wanting to take the steps prescribed in the Protective Order – Reeves & Associates wants to see what data was placed on those drives, as is its right as conferred by that Order. The Order does not require Reeves & Associates to state any particular justification for its interest in doing so.

Again, it is our hope that you will agree to have Precision Discovery perform the services so that we can resolve this issue without Court intervention. Please let us know at your earliest opportunity.

Thank you for your cooperation in this regard.

Regards,

Kerry

Kerry McInerney Freeman
Attorney at Law
MILLER LAW GROUP
111 Sutter Street, Seventh Floor

San Francisco, CA 94104

Telephone: (415) 464-4300
Facsimile: (415) 464-4336
www.millerlawgroup.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the addressee(s) named herein and may contain confidential information, legally privileged information and attorney-client work product. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any of any email and printout thereof.

IRS CIRCULAR 230 NOTICE: Any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for (a) the purpose of avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**From:** Matthew Muller [mailto:matthewdmuller@gmail.com]
**Sent:** Tuesday, September 18, 2012 2:44 PM
**To:** Kerry Freeman
**Subject:** Re: FW: Reeves/Muller: File mapping

Dear Kerry,

Thanks for your message. Did Dataway explain why they were unwilling to perform the service? From what I remember the call I received was just confirmatory of the procedures laid out in the protective order. One strategy might be to address whatever concern Dataway voiced.

Thank you for providing the quote for an alternate data security firm. This would be a very substantial expense for me. Some quoted services might not be necessary, depending on R&A's goals in retrieving the data. Can you say what those goals are? Do they relate exclusively to the State Farm litigation?

As best I understand, R&A should already know what is on the drives. Its monitoring software records everything copied onto any media. I don't believe it would be technically possible for me to copy something without it being reflected in the file logs. I would have had to defeat the monitoring software somehow, and I think R&A can also confirm that this didn't happen because

there should be a steady stream of log data with no time gaps. I think that R&A may now also have a better understanding of the Eraser program and what it is and is not capable of doing.

I had assumed that R&A did not follow up on the protective order procedure because it was able to get what information it wanted from the monitoring software logs. If I had a better understanding of why R&A now wants data it should already have, I would be less uneasy.

In general I will fully cooperate with the process and will also keep my commitment to bear half of the necessary cost. I wish R&A nothing but the best and am happy to tie up loose ends so that we can go our separate ways. To the extent this is an effort to relitigate settled matters or act against my interests, please understand that I will of course proceed with caution. If I am satisfied that this is not the case, then I am happy to reform prior agreements as necessary to meet R&A's needs.

Thanks,

Matt Muller

650-630-9326

On Tue, Sep 18, 2012 at 1:45 PM, Kerry Freeman <kmf@millerlawgroup.com> wrote:

Hello Mr. Muller:

I am writing regarding the above-referenced matter. Reeves & Associates would like to have the "mapping" described in paragraph 3.a. of the attached Court Order performed so that the Firm's IT specialist can review the list and determine whether and to what extent the files contained on those drives are Reeves & Associates Firm Property. When the Firm contacted Dataway, the parties' agreed upon data management/security firm, to request that the service be performed, Dataway informed the Firm that Dataway's CEO had spoken with you, and after doing so Dataway was no longer willing to perform the service. This is an unfortunate development.

It is our hope that we can agree with you on another data security firm to perform the services so that we can resolve this issue without Court intervention. If we are not able to do so, however, we will take steps to involve the Court in the selection of an alternate data security firm.

We propose the following firm:

Precision Discovery

http://www.precisiondiscovery.com/

Precision discovery comes highly recommended to us – they are professional, unbiased, and have experience with litigation matters such as this. It is our hope that you will agree to use their services, and we can have the drives transitioned and the work performed. We provided Precision Discovery a copy of the Court Order (a matter of public record), and they provided the attached proposal. I would appreciate your response at your earliest opportunity, and preferably no later than **next Tuesday, September 25.** Please let me know if you would like to discuss this in more detail and we can arrange a call.

Regards,

Kerry

Kerry McInerney Freeman
Attorney at Law
MILLER LAW GROUP
111 Sutter Street, Seventh Floor

San Francisco, CA 94104

Telephone:  (415) 464-4300
Facsimile:  (415) 464-4336
www.millerlawgroup.com

NOTICE OF CONFIDENTIALITY: This email, and any attachments thereto, is intended for use only by the addressee(s) named herein and may contain confidential information, legally privileged information and attorney-client work product. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please notify the sender by email, telephone or fax, and permanently delete the original and any of any email and printout thereof.

IRS CIRCULAR 230 NOTICE: Any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for (a) the purpose of avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).