IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REEVES & ASSOCIATES, PLC,

    Plaintiff,

  v.

MATTHEW D. MULLER, AND DOES 1-25, Inclusive,

    Defendants.

No. C 11-04762 WHA

**ORDER REQUIRING DEFENDANT TO SHOW CAUSE RE CONTEMPT OF COURT**

## INTRODUCTION

In this employee-misappropriation action, plaintiff moves to require defendant to show cause for why he should not be held in contempt for violating a stipulated injunctive relief and protective order. Plaintiff's request for a show-cause hearing is **GRANTED**.

## STATEMENT

This action was initially filed on September 2011. It arises from defendant's alleged misappropriation of confidential and proprietary data during his final days of employment at Reeves. On October 2011, the parties filed a stipulation for an order for injunctive relief and protective order. The terms of the stipulated order were incorporated and became an order of this Court (Dkt. No. 24 at 8). Less than two weeks after the stipulation was entered, the parties stipulated to a voluntary dismissal with prejudice (Dkt. No. 29).

The stipulated order prevents defendant from using, altering or destroying data and requires defendant to deliver certain hard-drives to a computer security firm. The order provides that a computer security firm was to print out a map of the drive contents to identify any and all of plaintiff's files on the drives. Plaintiff now contends, nearly a year after the action was dismissed, that defendant is in violation of the order by refusing to cooperate in the mapping of

the drives. Plaintiff seeks to hold defendant in contempt for allegedly violating the stipulated order. Defendant was served with this motion but has failed to file an opposition or respond in any manner.

## ANALYSIS

This Court has jurisdiction to enforce its prior orders. The issue of jurisdiction turns on whether the parties' stipulated injunctive relief and protective order is more akin to a private settlement agreement or to a consent decree.

"[A] consent decree has attributes of both a contract and a judicial act." *Olney v. United States*, 543 F.3d 1168, 1173–74 (9th Cir. 2008). The Supreme Court has explained that a consent decree is "an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees." *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 378 (1992). "A consent decree is a judgment, has the force of res judicata, and it may be enforced by judicial sanctions, including . . . citations for contempt." *S.E.C. v. Randolph*, 736 F.2d 525, 528 (9th Cir. 1984).

In contrast, district courts only have jurisdiction to enforce the terms of a private settlement agreement in limited circumstances. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). The Supreme Court has held that

> federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that settlement was a federal lawsuit. When the initial action is dismissed, federal jurisdiction terminates. A motion to enforce the settlement agreement, then, is a separate contract dispute requiring its own independent basis for jurisdiction.

*O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (citing *Kokkonen*) (internal citations and quotations omitted). In this way, "[a] consent decree offers more security to the parties than a settlement agreement where the only penalty for failure to abide by the agreement is another suit." *Randolph*, 736 F.2d at 528.

Generally, federal courts lack jurisdiction to enforce settlement agreements when the action is dismissed with prejudice. As stated by our court of appeals, the Supreme Court in *Kokkonen* recognized an exception to this rule.

2

> We think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. If the dismissal order incorporates the settlement terms, the Court reasoned, a violation of those terms would amount to a violation of the court's order. The court would then have ancillary jurisdiction to vindicate its authority.

*O'Connor*, 70 F.3d at 532 (internal citations and quotations omitted).

The stipulated injunctive relief and protective order herein is an enforceable order of the Court. The order is an agreement between the parties that they requested and expected to be enforceable as a judicial decree. It specifically provides for judicial oversight (*see, e.g.,* Dkt. No. 24 at 8). The stipulation was signed and entered as an order of this Court. District courts have jurisdiction to enforce settlement agreements if the court incorporated the agreement into a consent decree. *California v. Randtron*, 284 F.3d 969, 974 (9th Cir. 2002). "A district court retains jurisdiction to enforce its judgments, including consent decrees." *Hook v. Arizona Dep't of Corrections*, 972 F.2d 1012, 1014 (9th Cir. 1992). Moreover, as recognized in *Kokkonen*, federal courts have ancillary jurisdiction to address violations of prior orders, such as consent decrees or orders incorporating settlement agreements, even where an action had previously been dismissed with prejudice. Therefore, this Court has jurisdiction to enforce the stipulated order, notwithstanding the dismissal.

Defendant must therefore show cause why he should not be held in contempt for the alleged violations of the stipulated injunctive relief and protective order.

## CONCLUSION

For the reasons discussed above, plaintiff's motion is **GRANTED** to the extent that defendant is required to show cause for why he should not be held in contempt for violating the stipulated injunctive relief and protective order. A show cause hearing is hereby set for **JANUARY 10, 2013 AT 8:00 A.M.** Pre-hearing filings are due by **JANUARY 7 AT NOON**.

**IT IS SO ORDERED.**

Dated: December 24, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3