Matthew D. Muller
5300 Mississippi Bar Drive
Orangevale, CA 95662
matthewdmuller@gmail.com
Defendant, *Pro Se*


FILED
2013 JAN 17 P 2: 28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REEVES & ASSOCIATES, PLC,

Plaintiff(s),

v.

MATTHEW D. MULLER, AND DOES 1-25, INCLUSIVE,

Defendant(s).

Case No.: C 11-04762 WHA

**RESPONSE TO ORDER OF JANUARY 10, 2013 AND REQUEST FOR CONTINUANCE**

On January 10, 2013, the Court ordered Defendant to respond by sworn declaration to Plaintiff's request that he be held in contempt and required to pay attorney's fees for failing to comply with this Court's Stipulated Order of October, 2011. Defendant responds as set forth in the sworn declaration attached as Exhibit A. This response complies with the Court's Order. However, Defendant states that for medical reasons he is not able at this time to provide a thoroughly argued and documented response that sets forth all of the relevant facts and applicable law.

For the reasons described in Exhibit A (Defendant's sworn declaration) and Exhibit B (letter from Defendant's physician), Defendant respectfully requests that he be allowed to file a supplemental response on or before February 11, 2013, and that any hearing on the matter be reset for a date on or after February 18, 2013. Defendant contacted Plaintiff and provided verification of his medical limitations through February 8, 2013. Exhibit A. Plaintiff advised it would oppose any continuance of the substance of its claims

Defendant is not in compliance with the terms of the 2011 Stipulated Order. Plaintiff advised it would agree to a continuance of whether Defendant should be held in contempt and required to pay attorney's fees. However, Plaintiff advised it would continue to seek an Order requiring mapping of the hard drives and did not explain why a three week delay would prejudice its interests. Exhibit A.

Dated: January 17, 2013

By: *[signature]*
Matthew D. Muller
Defednant, *Pro Se*

# EXHIBIT A

```
 1  Matthew D. Muller
    5300 Mississippi Bar Drive
 2  Orangevale, CA 95662
     matthewdmuller@gmail.com
 3  Defendant, Pro Se

 4

 5                    UNITED STATES DISTRICT COURT

 6                   NORTHERN DISTRICT OF CALIFORNIA

 7
    REEVES & ASSOCIATES, PLC,              Case No.: C 11-04762 WHA
 8
                                           DECLARATION OF MATTHEW MULLER
 9            Plaintiff(s),                IN SUPPORT OF RESPONSE TO ORDER
                                           OF JANUARY 10, 2013 AND REQUEST
10  v.                                     FOR CONTINUANCE

11
    MATTHEW D. MULLER, AND DOES 1-25,
12  INCLUSIVE,

13
              Defendant(s).
14

15

16     1.    My name is Matthew Muller. I live at 5300 Mississippi Bar Drive in Orangevale,
17  California.

18     2.    I am writing this declaration in response to the Court's Order of January 10,
19  2013.

20     3.    I became ill and unable to perform my regular occupation as an attorney in late
21  November of 2012. I took unpaid disability leave from my law firm beginning on December 3,
22  2012 and continuing through the present. From September to November of 2012 I was
23  working on an approximately half-time basis due to the same illness.

24     4.    I have no current income. The net balance of my bank accounts and credit
25  accounts between November of 2012 and the present has been between negative $8,000
26  and negative $12,000, the latter figure being my credit limit.

27

28
```

5. For medical and financial reasons I have been unable to hire and work with an attorney to address the Plaintiff's motion. For medical reasons I have been unable to adequately represent myself in the matter.

6. My doctor has told me that he believes I will be sufficiently recovered to represent myself or secure and assist in representation by February 8, 2013.

7. I will be financially able to hire an attorney to represent me in this matter by February 1, 2013.

8. I am willing to further discuss the medical conditions affecting my ability to represent myself. However I would wish to do so under seal or on an in camera basis. Making such a request requires preparation and work that I am presently impaired in doing.

9. I provided Plaintiff's which a copy of the attached letter from my physician and advised them that my physician was available to verify the information in the letter and discuss the situation with them. I asked the Plaintiffs whether they would agree not to oppose my request to the Court that the briefing and hearing be delayed until on or after February 8, 2013. Plaintiffs declined to delay any matters relating to the substance of their request that their interpretation of the Stipulated Order be enforced. Plaintiffs agreed to delay any matters relating to contempt and attorney's fees.

10. I am not currently able to adequately organize, present and argue the issues surrounding Plaintiffs request. But I can present some of the facts that would present the basis for my opposition to the Plaintiff's request.

11. The 2011 Stipulated Order at issue directs that "By 1:00pm on October 14, 2011, Defendant will deliver the drives identified in Paragraph 1 to Dataway (or, if Dataway is unable, another mutually agreed upon firm specializing in computer security and forensics)...."

12. I complied with the order and delivered the drives as required in October of 2011. For reasons it has declined to disclose to me, Reeves & Associates chose not to proceed with file mapping. The order does not provide for any continuing duty to consent to transfer of the drives.

---
2
RESPONSE TO ORDER OF JANUARY 10, 2013 AND REQUEST FOR CONTINUANCE
Case No.: CV 11 4762 WHA

13. Approximately nine months later, Reeves & Associates decided that it did in fact want to proceed with file mapping. I did nothing to impede this process and in fact informed Dataway that to simplify the process there was no need to return the individual drives to me.

14. Dataway declined to comply with Reeves & Associates request nine months after delivery of the drives to proceed with file mapping. I did not tell Dataway that I was opposed to this request and did not do or say anything that I believed would lead them not to map the drives.

15. After Dataway declined to map the drives, Plaintiff contacted me and asked that I agree to transfer the hard drives to another firm. They presented me with invoices detailing how much the process would cost and what I would be expected to pay.

16. Since it was Reeves & Associates that was requesting the file mapping, my understanding of the terms of the order was that it would have to bear the expense of this. I did not want to proceed because I could not afford that expense, which was higher than other estimates I had received, and because I did not believe the terms of the Order required me to bear any of the cost of mapping under the existing circumstances.

17. I was also concerned about the Plaintiff's reasons for requesting the file mapping.

18. At the time the case was settled and dismissed by agreement of the Parties, Plaintiffs stated that they wished to resolve all matters relating to our dispute and go our separate ways. I entered an agreement and a mutual release of all claims with that understanding in mind.

19. Following dismissal of the action, Plaintiffs filed a complaint with the California State Bar reiterating the allegations it made before the Court. I understood this as a bad faith act that violated the spirit of the settlement agreement reached if not its letter.

20. The State Bar is required to investigate all complaints, and the allegations required me to take considerable time and expense responding to the allegations.

21. The State Bar determined that there was insufficient evidence to support the Plaintiffs claims and the complaint was closed. The State Bar was aware of the computer drives in Dataway's custody and had authority to subpoena those drives in the course of its investigation if it wished, but did not do so.

22. My wish was to disengage with Plaintiffs and go our separate ways as our agreement had contemplated. For that reason I remained as cordial as possible in correspondence and did not file State Bar counter-complaints against the Plaintiffs for conduct I understood to violate applicable rules of professional conduct.

23. The Plaintiff's request that Dataway proceed with file mapping followed the State Bar's closure of the complaint they brought against me. I was therefore concerned that Plaintiff's reasons for proceeding with file mapping were to bring another State Bar complaint against me with what they would characterize as new evidence. As far as my technical understanding extends, Plaintiff is already knows everything that is on the drives and would only be taking this step to construct an evidentiary basis for resubmitting their complaint and forcing me to answer its allegations again.

24. I am aware through talk amongst colleagues of other instances in which Plaintiff has litigated various disputes including employment matters aggressively. This is certainly Plaintiff's right. However, Plaintiff's actions appeared to follow a pattern of unnecessary litigiousness and pursuit of matters primarily to act against its opponents interests.

25. For these reasons I was cautious about Plaintiff's request so long after the litigation had concluded to proceed with transfer of the hard drives and file mapping.

26. Based on the terms of the Order, I understood myself to be under no obligation to cooperate with Plaintiff in transferring the drives to another computer security firm. However, I agreed to cooperate with this process if Plaintiff would advise me of the reason for its late request. In addition to my concerns stated above about Plaintiff's motives, I wanted to tailor any analysis of the drives to the specific need to avoid unnecessary expense.

27. I specifically asked Plaintiff whether it required the file mapping for other litigation. Plaintiff had filed an insurance claim on its business policy claiming various

4

expenses relating to events surrounding my departure from the firm. The insurance company denied Plaintiff's claims and Plaintiff sued the insurance company.

28. I advised Plaintiff that I would agree to action outside the scope of the 2011 Stipulated Order if it was needed for its case against the insurance company.

29. Plaintiff refused to disclose its reasons for seeking the file mapping. It refused to say whether it was for purposes of a new State Bar complaint against me. I also noted that Plaintiff, through its computer monitoring system, would already be aware of what files were on those drives. I asked why in view of the firm's ability to check its own records it wanted to proceed with the expense of file mapping. Plaintiff alluded to special forensic techniques that went beyond what they would locate in their records. I asked what they wanted to find and to what matter it was relevant. Plaintiff refused to give further information and stated that it was its right under the Order to proceed with file mapping and it wanted to do so.

30. I explained my understanding of the Order to Plaintiff and advised that until I understood the purpose of its late request to commence with file mapping I would not agree to action beyond the scope of the 2011 Order.

31. Plaintiff then brought the present motion before this Court. I am willing to cooperate with reasonable requests related to Plaintiff's needs concerning the drives, even outside of the scope of the Court's original Order. But Plaintiff has not disclosed to me the reasons for its late request to map the files or why it feels it is necessary of taking the time and expense to bring this Motion against me. Absent knowledge of a particular need or purpose, I can only assume that Plaintiff wishes to continue acting against my interests for reasons unrelated to any gain or need on its part.

///

///

///

///

I declare under penalty of perjury that the foregoing is true and correct.

Executed: January 17, 2013

By: /s/ Matthew D. Muller
Matthew D. Muller
Defendant, *Pro Se*

# EXHIBIT B

# JOHN S. SMOLOWE, M.D.
305 N. CALIFORNIA AVE, SUITE 202B     PALO ALTO, CA 94301
(650) 328-4788     johnssmolowe@pacbell.net

January 9, 2013

The Honorable William H. Alsup
United States District Court for the Northern District of California

Re: Matthew D. Muller

Dear Judge Alsup:

Matthew Muller is under my care. For medical reasons, he has been unable to perform his regular profession since December 3, 2012. Similarly, he is not able currently to assist in his own defense in court.

His prognosis is excellent. I expect he should be sufficiently recovered to be able to aid in his own defense or to represent himself in court by February 8, 2013.

Please do not hesitate to contact me for further information.

Sincerely,

*[signature]*

John S. Smolowe, M.D.
California Physician and Surgeon's License G26886
Diplomate American Board of Psychiatry and Neurology
Adjunct Clinical Associate Professor,
Department of Psychiatry & Behavioral Sciences, Stanford University.

| | |
|---|---|
| 1 | Matthew D. Muller |
| 2 | 5300 Mississippi Bar Drive<br>Orangevale, CA 95662 |
| 3 | matthewdmuller@gmail.com<br>Defendant, *Pro Se* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REEVES & ASSOCIATES, PLC, | Case No.: C 11-04762 WHA |
| Plaintiff(s), | **CERTIFICATE OF SERVICE** |
| v. | |
| MATTHEW D. MULLER, AND DOES 1-25, INCLUSIVE, | |
| Defendant(s). | |

I, Matthew Muller, certify that on January 17, 2013, I served a true and correct copy of the attached on Plaintiff's counsel listed below by placing it in a U.S. first class mail envelope with postage prepaid and addressed as listed below, and placing the envelope in postal service receptacle.

KERRY FREEMAN

Miller Law Group

111 Sutter Street, Suite 700

San Francisco, CA 94104

*/s/ Matthew Muller*
1/17/13

1
RESPONSE TO ORDER OF JANUARY 10, 2013 AND REQUEST FOR CONTINUANCE
Case No.: CV 11 4762 WHA