Kerry McInerney Freeman (SBN 184764)
kmf@millerlawgroup.com
Claudia J. Castillo (SBN 215603)
cjc@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Plaintiff
REEVES & ASSOCIATES, PLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REEVES & ASSOCIATES, PLC, <br><br> Plaintiff(s), <br><br> v. <br><br> MATTHEW D. MULLER, AND DOES 1-25, INCLUSIVE, <br><br> Defendant(s). | Case No.: CV 11-4762 WHA <br><br> **PLAINTIFF REEVES & ASSOCIATES, PLC'S REPLY TO DEFENDANT MATTHEW MULLER'S RESPONSE TO ORDER OF JANUARY 10, 2013 AND REQUEST FOR CONTINUANCE** <br><br> Complaint filed: September 23, 2011 |

Plaintiff Reeves & Associates, PLC's ("R&A") submits this Reply to Defendant Matthew Muller's ("Defendant") Response to Order of January 10, 2013 and Request for Continuance ("Opposition").

/ / /

/ / /

/ / /

# I.

# INTRODUCTION

In Defendant's Opposition to R&A's Application For An Order To Show Cause Why Defendant Should Not Be Held In Contempt Of The Court's October 14, 2011 Stipulated Order Granting Injunctive Relief And Protective Order Pursuant To 18 U.S.C. § 401, 402 ("Application"), he:

(1) complains that R&A waited nine months to enforce the terms of the Stipulated Order (despite the fact that the Order does not require R&A to have acted immediately upon its execution, or place any timing limitation on the performance of tasks outlined in the Order),

(2) alleges that R&A seeks relief outside of that permitted by the Stipulated Order because the "mapping" that R&A seeks to carry out violates the "spirit" of the Order (despite the fact that the mapping is specifically provided for in the Stipulated Order),

(3) alleges that Defendant is not responsible for half of the costs associated with carrying out the procedures set forth in the Stipulated Order (despite the express language of the Order requiring exactly that, and despite Defendant's own admission in emails he exchanged with R&A's counsel that he is responsible for half the cost), and

(4) insists that R&A must provide a "reason" for enforcing the Stipulated Order (despite the fact that the Order does not require that R&A provide any reason for wanting to carry out the agreed upon terms of the Order).

Defendant's objections are unfounded and further delay is not warranted. For the reasons set forth below, R&A respectfully requests that the Court enforce the plain

language of the Order, find Defendant in contempt of the Order, and award R&A's attorneys' fees.

## II.

## RELEVANT FACTUAL BACKGROUND

In the October 14, 2011 Stipulated Protective Order, Defendant stipulated to the following injunctive relief (among other relief):

> 2. By 1:00 p.m. on October 14, 2011, Defendant will deliver the drives identified in Paragraph 1 to Dataway **(or if Dataway is unable, another mutually agreed upon firm specializing in computer security and forensics)("Computer Security Firm"),** which firm will image, preserve, or delete the data in a manner consistent with the Protective Order detailed below." [Emphasis added]

The Stipulated Protective Order requires as follows:

> Upon Defendant's delivery of the aforementioned computer drives containing R&A data to Computer Security Firm, Computer Security Firm is instructed to do the following:
>
> . . .
>
> 2. Make an image of each such drive so that a copy of each is preserved reflecting the state each drive was in when it was received by Computer Security Firm.
>
> 3. If the parties request to have a copy of their respective files after the drives are imaged and before they are wiped clean . . . Computer Security Firm will perform the separation and copying of files . . .
>
>   a. Computer Security Firm will print out a "map" of the drive contents, listing all of the filenames (with extensions), reflecting the folders within which the files reside, and provide a copy of that map/list to both parties.
>
>   . . .
>
>   e. Each party's files will be copied onto a separate drive provided by that party . . .
>
>   . . .
>
>   g. Each party who asks the Computer Security Firm to provide a copy of that party's files from Defendant's drives will bear the costs associated with obtaining a copy of that party's files from Defendant's drives.
>
>   . . .

3

7. Store and maintain the drive images . . . for five years from the date of this Order. Upon expiration of this period, Computer Security Firm shall fully delete the drive images and any data derived from those images.

8. Aside from the costs for copying files as referenced in Paragraph 3(g), **the parties will equally share the costs of the other services provided by Computer Security Firm (e.g., the costs of imaging Defendant's drives, maintaining those images, and eventually deleting those images)**. [Emphasis added] See Declaration Of Kerry McInerney Freeman Setting Forth Facts Constituting Contempt Of The Court's October 14, 2011 Stipulated Order Granting Injunctive Relief And Protective Order In Support Of Plaintiff's Application For An Order To Show Cause Re Contempt, Exh. A.

The terms of the Stipulated Order were thoroughly negotiated and agreed upon by the parties in October 2011. Defendant, a Harvard Law School graduate and practicing attorney, provided significant input into the Stipulated Order, and agreed to abide by its terms. He cannot now amend its terms.

### III.

### LEGAL ARGUMENT

**A. The Stipulated Order Does Not Require R&A To Have Acted Immediately Upon Execution Of The Order, Or Place Any Time Constraints On Carrying Out The Tasks Outlined In The Order.**

The Stipulated Order does not require R&A to have taken steps to examine the drive contents any earlier than they did. Indeed, the only timeframe spelled out in the Stipulated Order at paragraph 7 is that the Computer Security Firm that stores and maintains the computer drives in question "shall fully delete the drive images and any data derived from those images" after "five years from the date of this Order." Freeman Dec., Exh. A. No other time requirements exist.

Moreover, although not required to explain the reasons for its delay, R&A has already done so – namely, its belief that the District Attorney's Office would take custody of and examine the drives. See Declaration of Nancy E. Miller In Support of Plaintiff Reeves &

4

**PLAINTIFF REEVES & ASSOCIATES, PLC'S REPLY TO DEFENDANT MATTHEW MULLER'S RESPONSE TO ORDER OF JANUARY 10, 2013 AND REQUEST FOR CONTINUANCE-Case No.: CV 11-4762 WHA**

Associates' Request For An Order Finding Defendant Matthew Muller In Contempt Of The Court's October 14, 2011 Order ("Miller Dec."). Defendant does not even acknowledge, much less address this reason.

**B.     The Order Is Clear, And R&A Is Not Seeking To Expand Its Scope.**

Plaintiff is not seeking to expand the scope of the Stipulated Order or amend its terms. The Stipulated Order does not require that Dataway be the firm that performs the tasks outlined therein. Rather, the Stipulated Order provides that those services (the mapping of the drives, etc.) will be performed by a "Computer Security Firm" which is defined in ¶3 of the "Stipulated Injunctive Relief" section as "another mutually agreed upon firm specializing in computer security and forensics." Freeman Dec. ¶3, Exh. A. When R&A approached Dataway to perform the services, Dataway informed R&A that after speaking with Defendant, it was no longer willing to perform the services outlined in the Stipulated Order. Freeman Dec. ¶5, Exh. B. When R&A contacted Defendant and requested that he agree to the use of a different computer security firm, Defendant at first agreed to comply with the transfer and the services to be performed, and expressed only concern for the cost associated with the services. In an email to R&A's counsel of record, Kerry McInerney Freeman, dated September 18, 2012, Defendant stated: **"[t]hank you for providing the quote for an alternate data security firm."** Freeman Dec., Exh. B.

Defendant's refusal to agree to the computer security firm Precision Discovery (suggested to Defendant by Ms. Freeman) is not in good faith. Notably, he has never offered any opposition to Precision Discovery -- he has only opposed the terms that he

5

stipulated to back in October 2011.[1] Freeman Dec. ¶6, Exhs. A, B. It is too late for his second thoughts. Defendant respectfully requests that it be allowed to proceed with having Precision Discovery perform the agreed upon services now, and hear the discussion of whether Defendant is in contempt of the Stipulated Order at the February 7, 2013 hearing.

**C. The Stipulated Order Requires The Parties To Equally Share The Expense Of The Services.**

As expressly set forth at paragraph 8 of the Stipulated Order, "the parties will equally share the costs of the other services provided by Computer Security Firm (e.g., the costs of imaging Defendant's drives, maintaining those images, and eventually deleting those images)." R&A is at a loss as to how Defendant can possibly claim that since R&A has requested to proceed with the computer data services, that his "understanding of the terms of the order was that [R&A] would have to bear the expense." Defendant's own communications with R&A's counsel confirm that Defendant understands that he is responsible for half of the cost of the services. Indeed, on September 18, 2012, Defendant wrote an email to Ms. Freeman confirming that "[i]n general, I will fully cooperate with the process and will also keep my commitment to bear half of the necessary cost." Freeman Dec. ¶6, Exh. B.

Moreover, while Defendant expressed concern over the costs of the alternative computer firm suggested by R&A, he never stated that he could not absorb *any* of the cost, as he does now. In his September 18, 2012 email to Ms. Freeman, Defendant explained that

---

[1] The closest Defendant came to opposing the use of Precision Discovery was voicing his concern for the expense, to which R&A responded by removing certain tasks to lower the expense, agreeing to front the expense, and allowing Defendant to repay his portion in installments -- an offer to which Defendant responded with appreciation. Defendant never expressed that he could not pay the lower amount in installments -- rather, he refused to agree to carry out the terms of the Stipulated Order unless R&A agreed to make additional promises and representations above and beyond those called for in the Order. Freeman Dec. ¶8, Exh. B.

the quote provided by Precision Discovery, the alternate data security firm suggested by Ms. Freeman "would be a very substantial expense for me. Some quoted services might not be necessary, depending on R&A's goals in retrieving the data." Wishing to assist Defendant in this regard, on October 2, 2012, R&A provided Defendant with a reduced estimate and a payment plan to ease his financial concerns and asked for a response by October 9, 2012. Defendant did not respond to Ms. Freeman's email until after she emailed him once again on October 17, 2012. On that same date, Defendant wrote to Ms. Freeman and stated: "I appreciate R&A's offer and apologize for the delay. I want to look further into this . . . I will review everything and respond within the timeframe you have provided." Freeman Dec. ¶¶5-8, Exh. B.

Defendant never addressed R&A's offer to spread out his portion of the costs and on November 1, 2012, he notified Ms. Freeman via telephone and later confirmed in an email that he would not comply with the terms of the Stipulated Order. While Defendant's email insisted that "[w]ithin the order's scope I have been 100% cooperative and willing to proceed," he refused nonetheless and added that he is "at a loss as to the purpose of R&A's apparent fishing expedition and will not take part in it beyond what is required of me in the order." Freeman Dec. ¶8, Ex. B. As explained below, although Plaintiff has volunteered its reason for carrying out the computer services outlined in the Stipulated Order, the Stipulated Order does not require that R&A provide a reason.

**D. The Stipulated Order Does Not Require Any "Reason" For Performing The Services The Parties Agreed To.**

Paragraph 3 and subsection (a) of the Stipulated Order plainly states that "If the parties request to have a copy of their respective files after the drives are imaged and before they are wiped clean . . . Computer Security Firm will perform the separation and copying of files" by first, "print[ing] out a 'map' of the drive contents, listing all of the filenames (with extensions), reflecting the folders within which the files reside, and provid[ing] a copy of that

map/list to both parties." Nothing more is required. Moreover, while no purpose is required, R&A has already explained that it seeks to conduct the mapping, etc. set out in the Stipulated Order in order to have "a complete picture of all the files Mr. Muller copied onto external drives as he was leaving" R&A. Miller Dec. ¶9.[2]

## IV.
## Conclusion

Given Defendant's letter from his physician regarding Defendant's current medical condition, R&A did not oppose Defendant's request to continue the January 24, 2013 hearing date on the issues of whether Defendant should be held in contempt of the parties' Stipulated Order and requiring defendant to pay R&A's attorney's fees. However, R&A has been attempting to work with Defendant since September 2012, including by suggesting an alternate computer security firm and by offering a payment plan to ease Defendant's financial obligations under the Stipulated Order, but Defendant has continually refused to comply with the Stipulated Order. Defendant has delayed enough. Since the terms of the Stipulated Order are not in dispute, R&A respectfully requests that the Court issue an order that:

1. Plaintiff may proceed with the "mapping" and other procedures identified in the October 14, 2011 Order;

///
///
///
///

---

[2] The Stipulated Order and the Parties' Settlement Agreement do not prevent R&A's report to the California State Bar -- indeed, R&A was required to make the report in order to protect the interests of its clients. While R&A will not address that issue in this Reply in order to protect Defendant's privacy rights, R&A's attorney will address it at the hearing if the Court wishes.

8

**PLAINTIFF REEVES & ASSOCIATES, PLC'S REPLY TO DEFENDANT MATTHEW MULLER'S RESPONSE TO ORDER OF JANUARY 10, 2013 AND REQUEST FOR CONTINUANCE-Case No.: CV 11-4762 WHA**

2.     Precision Discovery will perform the services that were to be performed by Dataway or "another mutually agreed upon firm" pursuant to the October 14, 2011 Order.

Dated:  January 28, 2013                    MILLER LAW GROUP
                                            A Professional Corporation


                                            By: _____/s/_____
                                                Kerry McInerney Freeman
                                                Attorneys for Plaintiff
                                                REEVES & ASSOCIATES, PLC

4842-1645-0066, v. 1-8887-1442, v. 1

9

**PLAINTIFF REEVES & ASSOCIATES, PLC'S REPLY TO DEFENDANT MATTHEW MULLER'S RESPONSE TO ORDER OF JANUARY 10, 2013 AND REQUEST FOR CONTINUANCE-Case No.: CV 11-4762 WHA**