Kerry McInerney Freeman (SBN 184764)
  kmf@millerlawgroup.com
Claudia J. Castillo (SBN 215603)
  cjc@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Plaintiff
REEVES & ASSOCIATES, PLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REEVES & ASSOCIATES, PLC,<br><br>  Plaintiff(s),<br><br>v.<br><br>MATTHEW D. MULLER, AND DOES 1-25, INCLUSIVE,<br><br>  Defendant(s). | Case No.: CV 11-4762 WHA<br><br>**DECLARATION OF KERRY MCINERNEY FREEMAN REGARDING COMMUNICATIONS WITH DATAWAY AND ATTORNEYS' FEES INCURRED BY PLAINTIFF REEVES & ASSOCIATES**<br><br>Complaint filed: September 23, 2011 |

I, Kerry McInerney Freeman, declare:

1. I am an attorney licensed to practice before the Courts of the State of California and before this Court. I am a shareholder in the law firm of Miller Law Group, Professional Corporation, and am one of the attorneys for Plaintiff REEVES & ASSOCIATES, PLC ("R&A" or "Plaintiff") in the above-captioned matter.

2. I have personal knowledge of the matters set forth herein. If called as a witness I could competently testify thereto.

3. In response to the Court's February 7, 2013 Order that the parties submit all of its communications with Dataway to the Court by no later than noon on February 13, 2013, I supervised a search of all of Miller Law Group's ("Miller Law Group") communications with Dataway and have attached as exhibits all said written communications.

4. Miller Law Group began communicating with Dataway in about September 2011 in order to facilitate Defendant Matthew Muller's ("Defendant") transfer of computer drives containing R&A's data over to Dataway for storage. I first emailed Eoghan O'Neill ("Mr. O'Neill"), one of Dataway's founders and our main contact at Dataway, on September 17, 2011 and forwarded to him an email communication from R&A partner Nancy Miller to Defendant setting out instructions for Defendant's delivery of the computer drives and providing Defendant with Mr. O'Neill's contact information. Attached as **Exhibit A** is a true and correct copy of my email to Mr. O'Neill.

5. On September 18, Mr. O'Neill forwarded various email communications he had had with Defendant to Claudia J. Castillo, an Associate with Miller Law Group. The emails forwarded by Mr. O'Neill reflected Mr. O'Neill's efforts to communicate with Defendant and take possession of Defendant's computer drives. The emails also reflect numerous concerns expressed by Defendant regarding Dataways' role in securing and storing the computer drives. Attached as **Exhibit B** are true and correct copies of the emails Mr. O'Neill forwarded to Ms. Castillo, along with Ms. Castillo's responses to Mr. O'Neill.

6. In late September and early October of 2012, I exchanged several emails with Mr. O'Neill in order to discuss the services the parties would need either Dataway

**DECLARATION OF KERRY MCINERNEY FREEMAN REGARDING COMMUNICATIONS WITH DATAWAY AND ATTORNEYS' FEES INCURRED BY PLAINTIFF REEVES & ASSOCIATES-Case No.: CV 11-4762 WHA**

or another computer forensics firm to conduct, and sought Mr. O'Neill's advice regarding a firm recommended by Defendant. Attached as **Exhibit C** are true and correct copies of email exchanges I had with Mr. O'Neill on September 30, 2011 and October 3-4, 2011.

7. Miller Law Group continued email discussions with Mr. O'Neill in October 2011 regarding Defendant's agreement to hand over the relevant computer drives to Dataway, and also seeking an estimate of the costs associated with the services that Dataway might be called on to perform as agreed to by the parties. Attached as **Exhibit D** is a true and correct copy of emails exchanged between Miller Law Group and Mr. O'Neill between October 4-12, 2011 regarding these issues.

8. On October 14, 2011, Mr. O'Neill emailed me to notify me that Defendant had turned over three computer drives. Mr. O'Neill requested a copy of the Court's Order, and I provided him with the [Proposed] Stipulated Order the parties had filed with the Court, as the Stipulated Order had not yet been executed by Judge William Alsup. Attached as **Exhibit E** is a true and correct copy of my October 14, 2011 email exchange with Mr. O'Neill.

9. On October 20, 2011, Mr. O'Neill emailed me once more to inquire if the Court had executed the October 14, 2011 [Proposed] Stipulated Order and to request a copy of the executed Stipulated Order. Also on October 20, 2011, Ms. Castillo responded to Mr. O'Neill and forwarded him a copy of the Stipulated Order executed by Judge William Alsup on October 14, 2011. Attached as **Exhibit F** is a true and correct copy of Ms. Castillo's October 20, 2011 email exchange with Mr. O'Neill.

10. On October 25, 2011, Mr. O'Neill emailed Ms. Castillo once more to request the contact information for Robert Reeves, R&A's principal, so that Mr. O'Neill could communicate directly with Mr. Reeves. Ms. Castillo provided Mr. Reeves' contact

3

information to Mr. O'Neill that same day.  Attached as **Exhibit G** is a true and correct copy of the October 25, 2011 email exchange between Ms. Castillo and Mr. O'Neill.

11. On July 13, 2012, I reached out to Mr. O'Neill to request that he contact Mr. Reeves in order to begin performing the services specified in the Order.  Attached as **Exhibit H** is a true and correct copy of my July 13, 2012 email to Mr. O'Neill.

12. On August 20, 2012, when neither our client nor our office had heard back from Mr. O'Neill despite numerous telephone messages, Ms. Castillo prepared a letter to Mr. O'Neill requesting once more that Dataway perform the services outlined in the Stipulated Order.  Attached as **Exhibit I** is a true and correct copy of Ms. Castillo's August 20, 2012 letter to Mr. O'Neill.

13. On August 22, 2012, at 10:20 a.m., Mr. O'Neill emailed Ms. Castillo to alert her that  "[p]er [his] conversations with Robert Reeves and voice mail left for him Dataway does not wish to move forward with mapping out the drives and recommend that you other lawful arrangements with a firm specializing in this."  Mr. O'Neill sent a second, corrected email at 10:21 a.m. inserting the word "make" between "you" and "other."  Attached as **Exhibit J** are true and correct copies of Mr. O'Neill's August 22, 2012 emails to Ms. Castillo.

14. Upon reviewing Mr. O'Neill's August 22, 2012 emails to Ms. Castillo, I learned that Mr. O'Neill had left R&A a voice-mail in which Mr. O'Neill: (a) stated that, after speaking with Defendant, Dataway would not be performing the services it had previously agreed to perform and (b) claimed that Dataway was unaware of the Stipulated Order.

15. On August 23, 2012, I prepared a letter to Mr. O'Neill and Simon Lewis, Dataway's other founder, to confirm we had received the message that Dataway no longer

4

**DECLARATION OF KERRY MCINERNEY FREEMAN REGARDING COMMUNICATIONS WITH DATAWAY AND ATTORNEYS' FEES INCURRED BY PLAINTIFF REEVES & ASSOCIATES-Case No.: CV 11-4762 WHA**

1 wished to perform the services, and to clear up any misunderstanding regarding Dataway's knowledge of the Stipulated Order. As reflected above and in the attached email correspondence, Mr. O'Neill was very much aware of the Stipulated Order as he had helped advise us on the forensic processes and had received an advance copy of the Stipulated Protective Order before it was executed by the Court. Attached as **Exhibit K** is a true and correct copy of my August 23, 2012 letter to Mr. O'Neill and Mr. Lewis.

16. On February 7, 2013, at the hearing on R&A's Application for An Order to Show Cause Regarding Contempt, Judge Alsup ordered that R&A subpoena Dataway to Appear and Testify at the continued hearing on R&A's Application on February 14, 2013. R&A immediately complied with the Court's Order and prepared and attempted to serve Mr. O'Neill and Mr. Lewis with Subpoenas to Appear and Testify.

17. After numerous attempts, on February 10, 2013 Mr. O'Neill was personally served with his Subpoena along with a letter I prepared explaining why his testimony was required. On February 11, 2013, I also emailed Mr. O'Neill a copy of his Subpoena along with the letter I prepared. Attached as **Exhibit L** are true and correct copies of the Subpoena and letter served upon Mr. O'Neill, along with the Proof of Service.

18. Mr. Lewis notified me that he had received the subpoena and confirmed his intent to appear at the February 14, 2013 hearing via an email message to me dated February 12, 2013. Attached as **Exhibit M** are true and correct copies of the Subpoena served on Mr. Lewis, the letter I prepared explaining why his testimony was required on February 10, 2013 and my February 12, 2013 email exchange with Mr. Lewis confirming his receipt of the Subpoena as well as his intent to appear at the hearing.

19. Claudia Castillo is a Miller Law Group associate with over 11 years of experience, primarily in the area of employment law and litigation. She graduated from

University of California, Los Angeles, law school in 2001. She was admitted to the California Bar in December 2001. She practiced law at Adams, Nye, Sinunu, Walker LLP and at Leland, Parachini, Steinberg, Matzger & Melnick LLP until joining Miller Law Group in July 2008. Her current hourly billing rate is $325.

20. I have over 16 years of experience in the area of employment law and litigation. I graduated from University of California, Boalt Hall School of Law in 1996. I was admitted to the California Bar in December 1996. I practiced law at Crosby Heafey Roach & May (now Reed Smith) until joining Miller Law Group in 2001. My current hourly billing rate is $360.

21. I have reviewed the billing entries for this case and identified entries related to this Application for Order to Show Cause. Claudia Castillo spent approximately 13.7 hours preparing the various pleadings in support of R&A's Application for an Order to Show Cause. At her regular billing rate, this amounts to $4,452.50. I spent a total of approximately 13.7 hours preparing the various pleadings in support of R&A's Application for an Order to Show Cause. At my regular billing rate, this amounts to $2,268.

22. Given the foregoing, Plaintiff R&A requests that this Court find Defendant in civil contempt pursuant to 18 U.S.C. §401 for failure to follow a lawful order of this Court, and (if no legitimate cause is presented) order Plaintiff to cooperate in allowing Precision Discovery to perform the services that were to be performed by Dataway or "another mutually agreed upon firm." Plaintiff further requests that this Court grant Plaintiff's attorneys fees in the amount of $6,720.50.00.

/ / /

/ / /

/ / /

**DECLARATION OF KERRY MCINERNEY FREEMAN REGARDING COMMUNICATIONS WITH DATAWAY AND ATTORNEYS' FEES INCURRED BY PLAINTIFF REEVES & ASSOCIATES-Case No.: CV 11-4762 WHA**

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on this 13th day of February 2013 in San Francisco, California.

                                                  /s/
                                    Kerry McInerney Freeman

4819-3784-1682, v. 1

---

7

**DECLARATION OF KERRY MCINERNEY FREEMAN REGARDING COMMUNICATIONS WITH DATAWAY AND ATTORNEYS' FEES INCURRED BY PLAINTIFF REEVES & ASSOCIATES-Case No.: CV 11-4762 WHA**