Matthew D. Muller
5300 Mississippi Bar Drive
Orangevale, CA 95662
matthewdmuller@gmail.com
Defendant, Pro Se



FILED
FEB 13 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REEVES & ASSOCIATES, PLC,<br><br>Plaintiff(s),<br><br>v.<br><br>MATTHEW D. MULLER, AND DOES 1-25, INCLUSIVE,<br><br>Defendant(s). | Case No.: C 11-04762 WHA<br><br>**RESPONSE TO COURT'S ORDER OF FEBRUARY 7, 2013** |

On February 7, 2013, the Court ordered Plaintiff Reeves & Associates ("R&A") and Defendant Matthew Muller to file a record of all correspondence with the computer security firm Dataway. Defendant Matthew Muller ("Muller") submits the enclosed documents in response to the Court's Order.

Dated: February 13, 2013

By: /s/ Matthew D. Muller
Matthew D. Muller
Defendant, Pro Se

1
RESPONSE TO ORDER OF FEBRUARY 7, 2013
Case No.: CV 11 4762 WHA

# EXHIBIT A

Matthew D. Muller
5300 Mississippi Bar Drive
Orangevale, CA 95662
matthewdmuller@gmail.com
Defendant, *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REEVES & ASSOCIATES, PLC,<br><br>Plaintiff(s),<br><br>v.<br><br>MATTHEW D. MULLER, AND DOES 1-25, INCLUSIVE,<br><br>Defendant(s). | Case No.: C 11-04762 WHA<br><br>**DECLARATION OF MATTHEW MULLER IN RESPONSE TO COURT'S ORDER OF FEBRUARY 7, 2013** |

1. My name is Matthew Muller. I live at 5300 Mississippi Bar Drive in Orangevale, California.

2. I am writing this declaration in response to the Court's Order of February 7, 2013. The Court at that time ordered Plaintiff Reeves & Associates ("R&A") and Defendant Matthew Muller to file a record of all of their correspondence with the computer security firm Dataway.

3. A true and correct copy of my e-mail correspondence with Dataway is enclosed in this filing as Exhibit B.

4. After delivering the hard drives to Dataway on October 14, 2011, I e-mailed the company on October 20, 2011 and requested an update on when work would be complete and my erased drives available for pickup, per the Court's protective order. I was unable to use my personal laptop computer at the time without one of the hard drive component's in Dataway's possession.

1

**DEFENDANT'S RESPONSE TO ORDER OF FEBRUARY 7, 2013**
**Case No.: CV 11 4762 WHA**

5.     My understanding of the Court's Order and my agreement with R&A was that the specified work would be performed on the drives right away, and the drives returned to me promptly. However, it appears that instead of proceeding with carrying out the terms of the Court's Order, R&A sought for several months to have a law enforcement agency take custody of the drives and prosecute Defendant. According to correspondence with Dataway, R&A did not request any work be done on the drives until July of 2012, nine months after the drives had been delivered by the Defendant.

6.     In March of 2012, I e-mailed Dataway and inquired about the status of work on the drives. I had heard nothing from Dataway or R&A concerning the drives since October of 2011. My understanding was that work on the drives would commence immediately following the settlement, and I wanted to ensure that the terms of the protective order were followed to protect privileged data on the drives that predated my employment with R&A.

7.     Dataway responded in March of 2012 that R&A had requested no work be done on the hard drives and advised that no work would be done until one party or the other requested it.

8.     In July of 2013, Dataway contacted me by phone and advised that R&A had requested that work on the hard drives proceed. Dataway's representative advised that R&A had asked to receive copies of files on the drives without complying with the provisions of the protective order relating to review and separation of data on the drives. I expressed to Dataway that it may proceed with separation of the data under the terms of the protective order, but that I did not agree to allow R&A to bypass key negotiated provisions of that order.

9.     Following the phone conversation with Dataway, I sent an e-mail confirming the content of that conversation and attached a copy of the protective order for reference. The e-mail explicitly stated that Dataway may proceed with imaging, mapping and sorting of the hard drives. At no time did I threaten Dataway or tell it that it should not proceed with work on the hard drives.

10.    I later learned that Dataway declined to perform any services on the hard drives. My final communications with Dataway related to ongoing settlement talks with R&A.

I asked about the option of simply disposing of the drives in order to propose this as part of a solution that R&A might find acceptable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: February 13, 2013

By: /s/ Matthew D. Muller
Matthew D. Muller
Defendant, *Pro Se*

# EXHIBIT B



**Matthew Muller** <matthewdmuller@gmail.com>

## Re: Internal hard drives
1 message

**Matthew Muller** <matthewdmuller@gmail.com>  Tue, Oct 30, 2012 at 9:46 AM
To: Eoghan O'Neill <eoghan@dataway.com>

Eoghan,

Thank you, I will let them know this option is on the table when we meet.

Best,

Matt Muller

On Tue, Oct 30, 2012 at 9:40 AM, Eoghan O'Neill <eoghan@dataway.com> wrote:

> If you want us to destroy the drives, yes we could do that
>
> Eoghan
>
> **From:** Matthew Muller [mailto:matthewdmuller@gmail.com]
> **Sent:** Tuesday, October 30, 2012 9:38 AM
> **To:** Eoghan O'Neill
> **Subject:** Re: Internal hard drives
>
> Eoghan,
>
> Thanks for your message. I am in discussions now with R&A about whether and to whom the disks will be transferred. As of this moment there is no agreement on a course of action. But something should be worked out within the next few weeks. From what R&A's attorneys have told me I

understand that Dataway will decline to perform any analysis, logging, etc. of the data on the drives. But if the parties agree would Dataway agree to simply securely dispose of the drives (for its usual fees of course)?

Thanks,

Matt Muller

650-630-9326

On Tue, Oct 30, 2012 at 9:32 AM, Eoghan O'Neill <eoghan@dataway.com> wrote:

Matthew, I am writing to you to enquire as to what your plans are for the disk drives.

Eoghan

**From:** Matthew Muller [mailto:matthewdmuller@gmail.com]
**Sent:** Saturday, July 21, 2012 8:23 AM
**To:** Eoghan O'Neill
**Subject:** Re: Internal hard drives

Hello Eoghan,

Thanks for checking in. You are welcome to proceed with the print out of file and folder names. Per the court's order, a copy of the list should be sent to me and to Reeves & Associates for review. Please note that the list should include only file name and paths, and no other data/metadata.

However, Dataway may not provide any actual files to Reeves & Associates until both parties have reviewed the listing of files and identified which files belong to whom. To the extent Reeves & Associates and I agree that a file belongs to Reeves & Associates, it can then be provided to Reeves

& Associates (provided it is one of the specified filetypes). To the extent Reeves & Associates and I disagree as to ownership of a given file, then Dataway will review the file in question, confer with the parties, and decide whether it can determine to whom the file belongs. If Dataway cannot reach a determination, then the file is provided to neither party but remains stored in Dataway's records.

I have attached a copy of the stipulated order for reference. I have highlighted the relevant provisions. Please note that I am not requesting a copy of my files. Therefore, all expenses associated with obtaining a copy of the files from drives is to be born by Reeves & Associates, per paragraph 3.g. of the order.

Thank you again for taking the time to contact me about this matter. Please feel free to follow up with any questions.

Best,

Matt Muller

650-630-9326

On Mon, Jul 9, 2012 at 2:44 PM, Eoghan O'Neill <eoghan@dataway.com> wrote:

Matthew, As per our earlier phone call today I would like to get your guidance on requests made of me by Reeves and Associates. At this time I do not intend to do anything without getting your guidance first.

I have been asked to make duplicate copies of the data contained in the two drives of yours and to print out all the file and folder names found on the drives and to send a copy of the file and folder names and paths to Reeves and Associates.

I have also been asked to copy some of these files and folders onto additional drives and send those drives to Reeves and Associates.

Eoghan



Matthew Muller <matthewdmuller@gmail.com>

## RE: Internal hard drive - work complete?
1 message

**Eoghan O'Neill** <eoghan@dataway.com>  Mon, Apr 2, 2012 at 2:37 PM
To: Matthew Muller <matthewdmuller@gmail.com>

Matt, yes I will check in with you if I believe I need to make a change, or if Reeves makes a request for me to do something. I would also contact them before acting on a request I get from you.

I would hope that at some point shortly this case will be settled and as part of the settlement the drives could be returned or destroyed. It seams to me that replacing your drives or reimbursing you for their cost and destroying the drives in a verifiable way might be a way forward for both parties. When Dataway was first contacted, we did not intend or offer to take on a long term role in this dispute. It is our hope that this can be settled or at least our role completed in the coming weeks.

Eoghan

-----Original Message-----
From: Matthew Muller [mailto:matthewdmuller@gmail.com]
Sent: Monday, April 02, 2012 1:00 PM
To: Eoghan O'Neill
Subject: Re: Internal hard drive - work complete?

Eoghan,

Understood, thank you very much for your response. I will assume there is no change in that unless I hear from Dataway. I may need to check in annually or so, again due to the sensitivity of the drive contents. But aside from that I will not take any more of your time.

Best,

Matt Muller

On Mon, Apr 2, 2012 at 12:27 PM, Eoghan O'Neill <eoghan@dataway.com> wrote:
> Yes, nothing has been done with the drives and nothing should be done
> unless that has been agreed to by both you and Reeves
>
> Eoghan

>
> -----Original Message-----
> From: Matthew Muller [mailto:matthewdmuller@gmail.com]
> Sent: Friday, March 30, 2012 6:48 PM
> To: Eoghan O'Neill
> Subject: Re: Internal hard drive - work complete?
>
> Eoghan,
>
> Thanks for your message. I just assume not rock the boat if nothing else is happening. I am fine with no work being done. I just needed to know that and to verify that the data remain secure. There are a lot of sensitive files from former employers on that drive. I'd rather not be in this position but I have an ongoing duty to safeguard those data. I had not been contacted nor billed for any expenses so I was concerned with what was happening. If the answer is "nothing,"
> and the data is still on the original media and those drives are someplace secure, that is fine. Is that where things stand?
>
> Thanks,
>
> Matt Muller
>
> On Fri, Mar 30, 2012 at 2:37 PM, Eoghan O'Neill <eoghan@dataway.com> wrote:
>> Mathew thank you for your email. As you know we were instructed to only do work if both parties request us to do so. You asked me if the drives are were ready for you to pick up, the other party has not authorized us to do so. I will check again with them but recommend that both parties make sure that an agreement has been made between you first before requesting something of us. I am out of the office until next week and will contact the other party again at that time.
>>
>> Thank you, Eoghan
>>
>>
>>
>> -----Original Message-----
>> From: Matthew Muller [mailto:matthewdmuller@gmail.com]
>> Sent: Thursday, March 29, 2012 9:02 AM
>> To: Eoghan O'Neill; Simon Lewis
>> Subject: Fwd: Internal hard drive - work complete?
>>
>> Dear Eoghan,
>>
>> Kindly provide an update concerning my inquiry below. I have serious concerns about whether Dataway has complied with the federal court order by which it is bound. I need to investigate whether any information from the media I provided was shared with Reeves & Associates by means other than those specified in the court order.
>> Those means included that I be notified concerning any progress and dissemination of the data.

>>
>> If this is simply a case of nothing having been done, that is fine.
>> But I need to know that, in writing.
>>
>> Thank you.
>>
>> Best,
>>
>> Matt Muller
>>
>>
>> ---------- Forwarded message ----------
>> From: Matthew Muller <matthewdmuller@gmail.com>
>> Date: Sun, Mar 11, 2012 at 11:18 PM
>> Subject: Re: Internal hard drive - work complete?
>> To: Eoghan O'Neill <eoghan@dataway.com>
>>
>>
>> Dear Eoghan,
>>
>> I wanted to follow up with you concerning the media I submitted to Dataway for imaging.  Could you kindly let me know where this stands?
>> Are the drives (and the SSD in particular) ready to pick up?
>>
>> Thanks,
>>
>> Matt Muller
>> 650-630-9326
>>
>> On Thu, Oct 20, 2011 at 12:06 PM, Matthew Muller <matthewdmuller@gmail.com> wrote:
>>> Hello Eoghan,
>>>
>>> Thank you for your reply.  I will be happy to send you a scan of the
>>> signed order this evening.  The work to be done is imaging of the
>>> hard drives.  Additional work is at the option of the parties, but
>>> the Order specifies that any such work can be done using the images
>>> made of the hard drive.  It is only a single drive that is time
>>> sensitive for me.
>>>
>>> Would it take weeks or months to image a single SSD drive?  I spoke
>>> with a data forensicist at Palo Alto Data Recovery, and he advised
>>> that imaging a solid state hard drive would take a few hours.

>>>
>>> There isn't anything in the Order that requires disassembly of the
>>> drive, destructive forensics, etc. It is just an image. I'm sorry
>>> again for the trouble, but I really need this done as quickly as
>>> possible so that I can use my computer again. I am happy to address
>>> any concerns you have or to facilitate in any way.
>>>
>>> Thank you again for your time.
>>>
>>> Best,
>>>
>>> Matt Muller
>>>
>>> On Thu, Oct 20, 2011 at 11:53 AM, Eoghan O'Neill <eoghan@dataway.com> wrote:
>>>> Sorry Matthew, I've been out of the office. I have not reviewed a final copy of the court order, it may be in the office but until I have reviewed this nothing will be done with the data on the drive. I did get a email copy of what was expected to be in the order but was told that it was not the signed order.
>>>>
>>>> Depending on the instructions and technical details the process can take a number of weeks or months to complete.
>>>>
>>>> Eoghan
>>>>
>>>> -----Original Message-----
>>>> From: Matthew Muller [mailto:matthewdmuller@gmail.com]
>>>> Sent: Thursday, October 20, 2011 11:45 AM
>>>> To: Eoghan O'Neill
>>>> Subject: Internal hard drive - work complete?
>>>>
>>>> Hi Eoghan, I just wanted to ping you about the hard drive. I'm
>>>> sorry for the trouble, but I am without a computer until I get it
>>>> back, and it is really impeding my work. I would really appreciate
>>>> it if you could give me a status update on this. The Court did
>>>> issue its order last week, so work should be going forward.
>>>>
>>>> If you are too busy to help, would there happen to be someone else
>>>> at Dataway with whom I could speak?
>>>>
>>>> Thank you very much!
>>>>
>>>> Best,
>>>>

>>>> Matt Muller
>>>> (414) 367-8472
>>>>

Matthew D. Muller
5300 Mississippi Bar Drive
Orangevale, CA 95662
matthewdmuller@gmail.com
Defendant, *Pro Se*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REEVES & ASSOCIATES, PLC, | Case No.: C 11-04762 WHA |
| Plaintiff(s), | **CERTIFICATE OF SERVICE** |
| v. | |
| MATTHEW D. MULLER, AND DOES 1-25, INCLUSIVE, | |
| Defendant(s). | |

I, Matthew Muller, certify that on February 13, 2013, I served a true and correct copy of the attached on Plaintiff's counsel listed below by e-mailing it to Plaintiff's counsel and by placing it in a U.S. first class mail envelope with postage prepaid and addressed as listed below, and placing the envelope in postal service receptacle.

KERRY FREEMAN

Miller Law Group

111 Sutter Street, Suite 700

San Francisco, CA 94104

Executed: February 13, 2013

By: _____
Matthew D. Muller
Defendant, *Pro Se*

1

RESPONSE TO ORDER OF FEBRUARY 7, 2013
Case No.: CV 11 4762 WHA

Matthew D. Muller
5300 Mississippi Bar Drive
Orangevale, CA 95662
matthewdmuller@gmail.com
Defendant, *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REEVES & ASSOCIATES, PLC,

Plaintiff(s),

v.

MATTHEW D. MULLER, AND DOES 1-25, INCLUSIVE,

Defendant(s).

Case No.: C 11-04762 WHA

**CORRECTED CERTIFICATE OF SERVICE**

I, Matthew Muller, certify that on February 1, 2013, I served a true and correct copy of my February 1 Supplemental Response on Plaintiff's counsel listed below by placing it in a U.S. first class mail envelope with postage prepaid and addressed as listed below, and by pinning the envelope to the postal service box at 5300 Mississippi Bar Drive in Orangevale, California. After filing the initial Certificate of Service, I learned that the postal carrier had already made deliveries for the day and that the envelope I left for pick-up on February 1, 2013 was not picked up. I was not then in the Orangevale/Sacramento or San Franciscy bay areas, so I arranged for delivery of the documents by the fastest means possible, Federal Express overnight delivery.

///
///
///
///
///

---
1

**RESPONSE TO ORDER OF JANUARY 10, 2013 AND REQUEST FOR CONTINUANCE**
**Case No.: CV 11 4762 WHA**

| | |
|---|---|
| 1 | KERRY FREEMAN |
| 2 | Miller Law Group |
| 3 | 111 Sutter Street, Suite 700 |
| 4 | San Francisco, CA 94104 |
| 5 | |
| 6 | Executed: February 13, 2013 |

By: /s/ Matthew D. Muller
Matthew D. Muller
Defendant, *Pro Se*