IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REEVES & ASSOCIATES, PLC,

    Plaintiff,

  v.

MATTHEW D. MULLER, and
DOES 1–25, inclusive,

    Defendants.
                                   /

No. C 11-04762 WHA

**ORDER DENYING MOTION TO
HOLD DEFENDANT IN CONTEMPT**

      As set forth in prior orders (see Dkt. No. 41), plaintiff Reeves & Associates, PLC, filed an ex parte motion requesting an order requiring defendant Matthew Muller to show cause for why he should not be held in contempt for violating a stipulated injunction and protective order. That stipulation was entered by the Court (Dkt. No. 24) and the parties stipulated to a voluntary dismissal with prejudice on October 24, 2011 (Dkt. No. 29).

      The stipulated injunction provided that by one p.m. on October 14, 2011, Attorney Matthew Muller would deliver the drives in question "to Dataway (or, if Dataway is unable, another mutually agreed upon firm specializing in computer security and forensics) . . ." Attorney Muller did so, delivering the drives to Dataway (a firm selected by plaintiff and written into the agreement). After many months, Dataway declined to proceed to map the drives and to do the analysis sought by plaintiff.

Following an evidentiary hearing on February 14, the Court orders as follows:

1) The hard drive(s) at issue shall be turned over to Precision Discovery by Dataway only after Precision Discovery agrees in advance that it has read the stipulated injunction and protective order, understands it, and agrees to perform the services described therein, and will be paid by plaintiff Reeves & Associates.

2) If Precision Discovery so certifies, Dataway shall promptly turn over the hard drive(s) at issue to Precision Discovery.

3) Plaintiff Reeves & Associates will bear all costs associated with the foregoing and with the subsequent mapping analysis, with the proviso that if the analysis demonstrates that defendant was clearly guilty of misappropriation or theft, then defendant will be required to pay half the costs.

Except to the limited extent stated above, the motion to hold defendant Attorney Muller in contempt and for attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 14, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2