```
                                              PAGES 1 - 7

                   UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

              BEFORE THE HONORABLE WILLIAM H. ALSUP

REEVES & ASSOCIATES, PLC,          )
                                   )
            PLAINTIFF,             )
                                   )
  VS.                              ) NO. C 11-4762 WHA
                                   )
MATTHEW D. MULLER, AND DOES 1-25,  )
INCLUSIVE,                         )
                                   )  SAN FRANCISCO, CALIFORNIA
            DEFENDANTS.            )  THURSDAY
                                   )  MAY 2, 2013
_____)  8:02 A.M.
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF**          MILLER LAW GROUP
                           111 SUTTER STREET, SUITE 700
                           SAN FRANCISCO, CALIFORNIA  94104
                       BY: **CLAUDIA J. CASTILLO, ESQUIRE**


**FOR DEFENDANT**          LAW OFFICES OF JAMES M. BRADEN
                           44 MONTGOMERY STREET, SUITE 1210
                           SAN FRANCISCO, CALIFORNIA  94104
                       BY: **JAMES MCCARTY BRADEN, ESQUIRE**



*REPORTED BY:  JOAN MARIE COLUMBINI, CSR 5435, RPR*
            *OFFICIAL COURT REPORTER, U.S. DISTRICT COURT*

```
 1          PROCEEDINGS; THURSDAY, MAY 2, 2013; 8:02 A.M.

 2

 3          THE COURT:  REEVES & ASSOCIATES VERSUS MR. MULLER.

 4          THE CLERK:  CALLING CIVIL MATTER 11-4762.  COUNSEL,

 5   PLEASE APPROACH AND ENTER YOUR APPEARANCES.

 6          MS. CASTILLO:  GOOD MORNING, YOUR HONOR.  CLAUDIA

 7   CASTILLO FROM MILLER LAW GROUP FOR THE PLAINTIFF.

 8          MR. BRADEN:  GOOD MORNING, YOUR HONOR.  JIM BRADEN,

 9   APPEARING FOR MATTHEW MULLER, THE DEFENDANT.

10          THE COURT:  I'M SORRY.  YOUR NAME WAS?

11          MS. CASTILLO:  CLAUDIA CASTILLO.

12          THE COURT:  THANK YOU.  ALL RIGHT.  I KNOW THAT

13   LAST -- ALMOST LAST NIGHT YOU FILED SOME EMERGENCY MOTION TO

14   KNOCK OUT TODAY'S HEARING.  YOU KNOW THAT'S TOO LITTLE TOO

15   LATE.  LET'S DISCUSS IT FROM A CASE MANAGEMENT POINT OF VIEW.

16          MR. BRADEN, ARE YOU COMING INTO THIS CASE?

17          MR. BRADEN:  I AM.  I APPRECIATE, YOUR HONOR, IT WAS

18   UNLIKELY THE HEARING COULD BE POSTPONED.  THAT'S WHY I AM HERE

19   THIS MORNING.

20          I DESCRIBED THE SITUATION.  IT'S AN UNUSUAL

21   SITUATION.  AND I CAN TELL THAT YOU YESTERDAY MORNING BEFORE I

22   HEARD FROM MR. MULLER, I WAS TOYING WITH THE IDEA OF SIMPLY

23   FILING MY APPEARANCE EVEN WITHOUT CONSULTATION WITH HIM.

24   THAT'S A BOLD STEP, BUT I DIDN'T WANT TO SEE HIS RIGHTS

25   DISAPPEAR BECAUSE HE HAD NOT GOTTEN BACK TO ME.
```

1      SO, YES, I AM IN THE CASE NOW.  I AM REPRESENTING
2 HIM.  AND IF I COULD HAVE SOME ADDITIONAL TIME TO STUDY THIS, I
3 WOULD APPRECIATE IT.  I BELIEVE THAT THE PLAINTIFF HAS AGREED
4 TO GIVE ME AT LEAST 30 DAYS.
5      **THE COURT:**  WELL, LET'S MAKE SURE I UNDERSTAND.  ARE
6 YOU SAYING YOU ARE AN INTERLOPER AND YOU DON'T EVEN HAVE YOUR
7 CLIENT'S PERMISSION TO COME INTO THE CASE, OR THAT HE
8 SPECIFICALLY HAS SAID, OKAY, YOU'RE MY LAWYER?
9      **MR. BENINK:**  YES.  THAT'S WHAT I SAID IN MY
10 DECLARATION, BUT I DIDN'T MEAN TO CONFUSE YOU.
11      BEFORE I HEARD FROM HIM AROUND 11:30 YESTERDAY
12 MORNING, I WAS CONSIDERING WOULD I HAVE TO BE AN INTERLOPER
13 WITHOUT HIS CONSENT.  I NOW HAVE HIS CONSENT AND DIRECTION, AND
14 I FILED MY APPEARANCE BASED ON THAT.
15      I BELIEVE HE'S CAPABLE OF GIVING INFORMED CONSENT TO
16 HAVING AN ATTORNEY.  MY EXPERIENCE WITH HIM HAS BEEN THAT HE'S
17 LUCID AND RATIONAL, BOTH IN SPOKEN WORDS, ON THE PHONE, AND IN
18 E-MAIL.  THERE'S SOMETHING EMOTIONAL OR MENTAL THAT MAKES IT
19 DIFFICULT FOR HIM TO ACTUALLY TAKE ACTION, SUCH AS ATTAIN AN
20 EXTENSION, FILE A BRIEF, BUT I DON'T FIND HIM TO BE
21 INCOMPETENT.  AND I'VE HAD A NUMBER OF INCOMPETENT CLIENTS IN
22 MY CAREER.  I DON'T PUT HIM IN THAT CATEGORY.
23      **THE COURT:**  ALL RIGHT.
24      **MR. BENINK:**  I BELIEVE HE CAN COOPERATE WITH ME.  I
25 CAN LEARN WHAT I NEED TO LEARN ABOUT THIS COMPUTER ISSUE, AND

1  REPRESENT HIM ADEQUATELY.

2       **THE COURT:**  ALL RIGHT.  I AM GOING TO GIVE YOU SOME
3  MORE TIME, BUT I WANT TO SAY SOMETHING.  WE ARE NOT GOING TO
4  RELITIGATE THIS CASE.  YOU KNOW, YOUR CLIENT AGREED TO A
5  JUDGMENT, AND THERE WAS A WHOLE PLAN LAID OUT, WHEREBY HE WOULD
6  COOPERATE IN TURNING THIS HARD DRIVE OVER SO THAT SIDE OF THE
7  ROOM COULD ANALYZE IT, AND WE ARE GOING TO DO THAT.

8       SO, MY ADVICE TO YOU IS TO FIGURE OUT A WAY TO
9  PROTECT HIS RIGHTS, YES, BUT DON'T TRY TO RELITIGATE ANYTHING.
10 THAT'S NOT GOING TO HAPPEN.  THIS HAS TAKEN UP WAY TOO MUCH
11 TIME.  IT WAS A DONE DEAL.  HE AGREED, AND HERE WE ARE ALL THIS
12 TIME LATER, IT HASN'T HAPPENED.

13      SO I WANT YOU TO -- I'M GOING TO GIVE YOU 35 DAYS.
14 WHAT IS TODAY?  APRIL -- MAY 2ND.  SO LET'S FIGURE THAT OUT.
15 MAY 2ND.  ONE, TWO, THREE, FOUR, FIVE.  WE'LL COME BACK HERE ON
16 D-DAY, JUNE 6TH.

17      **MS. CASTILLO:**  YOUR HONOR, MAY I SAY SOMETHING?

18      **MR. BRADEN:**  JUNE 6, YOUR HONOR.  AND WHEN WOULD MY
19 OPPOSITION BRIEF, IF I EVEN FILE A BRIEF -- WE MAY BE ABLE TO
20 RESOLVE THAT.

21      **THE COURT:**  TWO WEEKS BEFORE THAT.

22      **MR. BRADEN:**  TWO WEEKS BEFORE?

23      **THE COURT:**  TWO WEEKS BEFORE JUNE 6TH.  YOU CAN FILE
24 A REPLY ONE WEEK BEFORE.  I KNOW THAT DOESN'T GIVE ME MUCH
25 TIME.  I'M UP TO SPEED.  I CAN DO THIS.  WE ARE GOING TO COME

1  BACK ON JUNE 6TH ON YOUR MOTION, YES.
2         **MS. CASTILLO:**  THE ONLY THING I WOULD LIKE TO ADD,
3  YOUR HONOR, MY CLIENT IS FEELING A LITTLE BIT FRUSTRATED
4  BECAUSE MR. MULLER SEEMS FULLY CAPABLE OF ENGAGING AND
5  CONSTANTLY KEEPING THE PROCESS FROM GOING FORWARD.  AND WE
6  WOULDN'T NEED TO BE HERE TODAY.  WE WERE CONTACTED A WEEK AGO
7  ASKING IF WE WOULD AGREE OR NOT -- OR NOT OPPOSED TO A 30-DAY
8  CONTINUANCE.  WE SAID WE WOULD AT THE TIME.
9         WE EXPECTED PAPERS TO BE FILED RIGHT AWAY.  WE KEEP
10 HAVING TO MAKE APPEARANCES BECAUSE MR. MULLER RECYCLES THE SAME
11 STORY EVERY TIME A HEARING IS SCHEDULED.
12        ON BEHALF OF MY CLIENT, I WOULD LIKE TO ASK WE AT
13 LEAST BE AWARDED ATTORNEY'S FEES FOR HAVING TO MAKE THIS
14 APPEARANCE TODAY.  THEY HAD AMPLE OPPORTUNITY TO FILE THEIR
15 PAPERS LAST WEEK WHEN WE AGREED, BUT HE WAITED UNTIL THE
16 EVENING BEFORE THE HEARING, AND HERE WE ARE
17        **MR. BRADEN:**  LET ME JUST COMMENT TO THAT, YOUR HONOR.
18        THE ONE THING THAT HAS CHANGED NOW -- I HAVE BEEN
19 DOING THIS WORK A LONG TIME.  MR. MULLER MAY HAVE DONE THAT
20 KIND OF OBSTRUCTION IN THE PAST.  THIS IS THE FIRST TIME HE'S
21 HIRED AN ATTORNEY, AS FAR AS I KNOW, AND THESE THINGS ARE NOT
22 GOING TO HAPPEN AS LONG AS I'M REPRESENTING ANYONE.
23        MY CLIENTS TEND TO DO WHAT I TELL THEM TO DO.  THEY
24 DON'T RUN ME; I RUN THEM.  THAT'S MY STYLE.  SO, THERE'S NOT
25 GOING TO BE ANY MORE OF THAT, IF THAT'S WHAT HAPPENED.

1          ONE OTHER THING --

2          **THE COURT:** THAT IS A GREAT LINE. SAY THAT AGAIN.
3  HOW DID THAT LINE GO?

4          **MR. BRADEN:** ONE OTHER THING, YOUR HONOR, I WILL TAKE
5  SOME RESPONSIBILITY. IN HINDSIGHT, WHICH IS PERFECT VISION, I
6  PROBABLY SHOULD HAVE BEEN MORE PROACTIVE A WEEK AGO WHEN I
7  FIRST CONTACTED MS. FREEMAN, THE ATTORNEY, BECAUSE AT THAT
8  POINT I DID NOT WANT TO BECOME THE ATTORNEY OF RECORD UNLESS I
9  HAD TIME TO ACTUALLY WORK ON THE CASE.

10         MR. MULLER SAID HE WOULD TAKE CARE OF SEEKING AN
11 EXTENSION OF THIS HEARING AND HE WOULD DO SO A WEEK AGO. I
12 DIDN'T APPRECIATE THAT HE WAS NOT GOING TO CARRY THAT OUT,
13 BECAUSE I THINK HE DOES HAVE SOME PROBLEMS, BUT I PROBABLY, IN
14 HINDSIGHT, SHOULD HAVE TAKEN MORE INITIATIVE AND GOTTEN THIS
15 DONE A WEEK AGO. I DON'T THINK MR. MULLER SHOULD BE PUNISHED
16 WITH ATTORNEY'S FEES. I SHOULDN'T EITHER. BUT I WOULD JUST
17 SUBMIT THAT, YOUR HONOR.

18         **THE COURT:** NO ATTORNEY'S FEES YET. THIS IS POSSIBLY
19 A GOOD SIGN, THAT MR. BRADEN IS IN THE CASE, AND SO LET'S HOPE
20 FOR THE BEST THAT THIS CAN BE RESOLVED. NO ATTORNEY'S FEES.

21         **MS. CASTILLO:** ALL RIGHT. THANK YOU, YOUR HONOR.

22         **MR. BRADEN:** I WOULD MAKE ONE OTHER COMMENT. I WILL
23 REPRESENT MR. MULLER TO THE BEST OF MY ABILITY. IF THE PROBLEM
24 HERE IS HE HAS NO MERITORIOUS DEFENSES AND HE'S JUST BEING
25 STUBBORN -- I JOKED ABOUT CLIENTS FOLLOW MY DIRECTION. I WILL

1  DO EVERYTHING I CAN TO BRING HIM AROUND AND REASSURE HIM AND
2  TRY TO GET THIS RESOLVED EVEN WITHOUT HAVING TO HAVE A HEARING.
3  THAT'S MY GOAL IF HE HAS NO MERITORIOUS DEFENSE.
4             **THE COURT:**  A MOMENT AGO YOU SAID YOUR CLIENTS FOLLOW
5  YOUR DIRECTION.  NOW YOU'RE WAFFLING.
6             **MR. BRADEN:**  I'M WAFFLING A LITTLE, YOUR HONOR,
7  THAT'S CORRECT.
8             **THE COURT:**  SEE YOU JUNE 6TH.  THANK YOU.  8:00 A.M.
9             (PROCEEDINGS ADJOURNED AT 8:10 A.M.)

1
2
3        **CERTIFICATE OF REPORTER**
4        I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE
5   UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY
6   CERTIFY THAT THE FOREGOING PROCEEDINGS IN C 11-4742 WHA, REEVES
7   V. MULLER, WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER,
8   AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO
9   TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE
10  RECORD OF SAID PROCEEDINGS AS BOUND BY ME AT THE TIME OF
11  FILING.
12       THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID
13  TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE
14  COURT FILE.



15
16  _____
17       /S/ JOAN MARIE COLUMBINI, CSR 5435, RPR
18            WEDNESDAY, MAY 22, 2013
19
20
21
22
23
24
25